## R.A.G. Custom Homes, Inc.
### v.
### Board of Zoning Appeals
*[Cite as 6 AOA 250]*

*Case No. 56962*
*Cuyahoga County, (8th)*
*Decided August 23, 1990*

Gary L. Carrothers #11560, 702 Elyria Savings & Trust Bank Building, Elyria, Ohio 44035, for Plaintiff-Appellant.

Thomas F. O'Malley, 75 Public Square, Suite 1320, Cleveland, Ohio 44113, for Defendant-Appellee.

WALKER, J.

The plaintiff building contractor appeals from the trial court's order to reverse the defendant municipal zoning board's decision denying the contractor's request for an area variance. The trial court remanded the cause to the zoning board for a further hearing. In two assignments of error, the contractor argues that the trial court erred in (1) remanding the cause for further proceedings, and (2) failing to order the zoning board to grant the variance.[1] These claims have merit, so we remand the action with instructions that the trial court order the zoning board to grant the contractor's requested variance.

I.

The municipal zoning ordinance at issue here prohibits the construction of a dwelling house within fifteen feet of another dwelling house. See Brooklyn Zoning Ordinance Section 14(a). The contractor in this case proposed to construct a 45-foot-wide house on a vacant rectangular lot with a frontage of 60 feet and a depth of 120 feet. Houses occupied the two similarly sized lots on either side of the lot in question. On the lot to the north of the vacant lot, the house is three feet from the southern boundary. On the lot to the south of the vacant lot, the house is seven feet, six inches from the northern boundary line.

The contractor obtained a building permit from the city building commissioner for the construction of the new home. However, after the contractor had began construction on the house, the building commissioner issued a work stoppage order upon being notified, apparently by local residents, that the proposed forty-five-foot wide house would not comply with the fifteen-foot space requirement.

Thereupon, the contractor applied to the zoning board for a variance which would permit the contractor to build the house so that it would be twelve feet eight inches from both houses on the two adjoining lots. The zoning board denied the request after a hearing at which one of the adjoining home owners complained that the construction of the house so near to her home would be unsafe.

The contractor, pursuant to R.C. 2506.01 (appeals from decisions of political subdivision agencies), subsequently filed a timely appeal in the court of common pleas. The zoning board filed the minutes of the special meeting conducted to decide the variance request as the record of the decision appealed from. See R.C. 2506.02. In addition to this record, the trial court considered, in its determination of the contractor's appeal, evidence produced by both parties at a hearing held pursuant to R.C. 2506.03 (trial court may conduct evidentiary hearing where administrative record inadequate).

The contractor's vice-president testified at the hearing that the city was aware of the side line problem prior to its original issuance of the building permit. He stated that in order to build the home according to the zoning ordinance, he would have to totally redesign the house. He further asserted that the contractor had built seven homes on the same street all in compliance with the sideline requirements.

At the hearing, the city building inspector admitted that two other houses on the same street were built only nine feet and one inch apart from each other. However, he claimed that the builders had not obtained variances for the homes. The building inspector estimated that most homes in the area cost $90,000 to $100,000. He agreed that the home proposed by the contractor fit the area. He further agreed that in order to meet the city's 15 foot side line requirements, the contractor would have to substantially redesign the proposed structure.

The former city plan examiner testified that another conforming dwelling could be designed to be built on the lot. However, he admitted that

the contractor would incur substantial costs in redesigning the home. The plan examiner stated that the construction of the home as planned would enhance rather than diminish the value of surrounding property.

The homeowner of the lot north of the vacant lot testified that when she bought the house, she understood that a fifteen foot sideline requirement would be maintained. She stated that the granting of the requested variance would cause a problem with her home since the garage for the proposed home would be close to her front porch. The homeowner further explained that the planned two-story structure built at that distance from her one story home would substantially obstruct her view.

Upon reviewing this evidence, the trial court filed the following judgment entry:

"Decision of the Board of Zoning Appeals is reversed and remanded for hearing."

## II.

The contractor, in its first assignment of error, correctly argues that the trial court erred in remanding the cause to the zoning board for rehearing.

R.C. 2506.04 provides that after determining whether the administrative order appealed from is correct, the trial court may "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinions of the court." Accordingly, under R.C. 2506.04, a trial court lacks authority to remand a case back to the administrative authority which issued the appealed from order for further proceedings. *Ruggiero v. Brooklyn Bd. of Zoning Appeals* (App. 1964),, 95 Ohio Law Abs. 28, 32; *Domines v. Cleveland* (May 24, 1979), Cuyahoga App. No. 39469, unreported.

The contractor's first assignment of error has merit.

## III.

The contractor, in its second assignment of error, claims that the trial court should have ordered the zoning board to grant the requested variance.

R.C. 2506.04 provides the grounds upon which a trial court may overturn the decision of an administrative officer or body:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

In this case, the contractor does not challenge the constitutionality or the legality of the zoning board's decision. Rather, the contractor asserts that the zoning board acted arbitrarily, capriciously, and unreasonably in denying its request for a variance.

"The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties." *Kisil v. Sandusky* (1984), 12 Ohio St. 3d 30, syllabus.

"The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to:

"(1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance;

"(2) whether the variance is substantial;

"(3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance;

"(4) whether the variance would adversely affect the delivery of governmental services (*e.g.*, water, sewer, garbage);

"(5) whether the property owner purchased the property with knowledge of the zoning restriction;

"(6) whether the property owner's predicament feasibly can be obviated through some method other than a variance;

"(7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." *Duncan v. Middlefield* (1986), 23 Ohio St. 3d 83, syllabus. "The key to this standard is whether the area zoning requirement as applied to the property owner in question is reasonable." *Id.*, at 86.

In applying these factors, we conclude that the zoning board unreasonably denied the requested variance. The undisputed evidence establishes that two houses on the same street were built three feet and seven inches closer together than the distance proposed by the contractor. The city's failure to consistently

enforce its zoning ordinance in this respect supports the conclusion that the city tolerates minor deviations in sideline requirements and that such deviations do not result in a substantial detriment to neighboring landowners.

Here, the contractor seeks an insubstantial accommodation of his building plans which does not significantly impose on neighboring homeowners and involves no changes in the delivery of government services. In contrast, the contractor shall incur substantial costs in the alteration of his plans. The zoning board's denial of the requested variance constituted an arbitrary and unreasonable exercise of its power.

Accordingly, we reverse that part of the trial court's judgment which remands the cause for further proceedings before the zoning board. We remand this action to the trial court with instructions to order the zoning board to issue the requested variance.

This cause is reversed in part and remanded with instructions in accordance with this opinion.

DYKE P.J., and STILLMAN J., concur.

Judge Saul G. Stillman, Retired, of the Eighth District Court of Appeals, and Judge Robert D. Walker, Retired, of the Hancock County Common Pleas Court, sitting by assignment.

---

[1] The zoning board argues on appeal that the contractor has waived these errors by requesting and participating in a second hearing before the zoning board pursuant to the trial court's remand order. However, nothing in the record substantiates this claim. Generally, the appellant bears the burden of providing an adequate record for review. *Tyrrell v. Investment Assoc. Inc.* (1984), 16 Ohio App. 3d 47, 50. However, once the appellant secures a record which sufficiently demonstrates the claimed errors, the appellee bears the burden of supplying additional portions of the record which exemplify an alleged alternative ground for affirmance. *Id.* In this case, the zoning board has failed to provide this court with a record which demonstrates its alternative ground for affirmance.