RUGGIERO, PLAINTIFF-APPELLANT, *v.* BROOKLYN BOARD OF ZONING APPEALS, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26851.   Decided April 16, 1964.

*Mr. Alan Meltzer*, for plaintiff-appellant.
*Mr. Walter A. Savage*, for defendant-appellee.

SKEEL, C. J. This appeal comes to this court on questions of law from a judgment entered for the defendant-appellee in the Court of Common Pleas after review of the errors alleged in an appeal to that court from a final order of the City of Brooklyn Board of Zoning Appeals. The order appealed from denied the appellant's application seeking building permits to remodel a storeroom to be opened as a tavern and a certificate of occupancy as required by the ordinances of the city.

After the applications were filed by the appellant with the City Building Inspector, the inspector referred them to the Brooklyn Planning Commission which, after a hearing, denied them. The entry for the order, made on March 13, 1963, sets out as the basis for the denial of the applications that there was not sufficient usable parking space for the amount of business expected.

The order refusing the appellant's applications was appealed to the Board of Zoning Appeals of the City of Brooklyn which affirmed the order of the Planning Commission. The decision of the Board of Zoning Appeals was then appealed to the Court of Common Pleas which, after hearing the appeal, affirmed in part the finding and judgment of the Board of Zoning Appeals, although it held that Section 4 (e) of the Zoning Ordinance was unconstitutional, and remanded the case to the Planning Commission for further proceedings on the question of off-street parking. It is this judgment which is the subject of this appeal.

The assignments of error are:

"1. The Common Pleas Court erred in its determination that Brooklyn Ordinance 1956-74 is valid.

"2. The Common Pleas Court erred in not reversing the decision and order of the Brooklyn Board of Zoning Appeals, and in failing to order the issuance of the permits requested by the appellant.

"3. The Common Pleas Court erred in remanding the appeal to the Brooklyn Planning Commission to make certain findings of fact and final orders based thereon.

"4. For other errors of law apparent on the face of the record."

The bill of exceptions consists of the proceedings before the Court of Common Pleas where additional evidence was introduced as provided by law, said bill incorporating by reference the recorded proceedings before the Zoning Board of Appeals and the Planning Commission. The ordinances primarily involved in this action are Section 4 (e) of the City of Brooklyn Zoning Ordinance, which provides:

"In order to provide for the safety and general welfare of the public in any use district where a hospital, theatre, dance hall or other structure for the accommodation of a large number of people is permitted, plans including ample parking facilities must be submitted to and approved by the Planning Commission."

and Ordinance 1956-74 of the City of Brooklyn, Ohio, adopted August 6, 1956, and entitled "Zoning Ordinance" Section 3, Classification of Uses, Class C Uses (Retail Business District), paragraph 12 provides:

"The location of night clubs, taverns, hotels, restaurants, or bowling alleys, in any class C, D, or E Use district, where liquor is consumed on the premises, must be specifically approved by the Board of Zoning Appeals and confirmed by the council after public hearing. * * * (such approval) shall be conditioned upon the provision for off-street parking facilities of not less than one motor vehicle parking space for each 50 square feet of the room or rooms used for service in said night club, tavern, hotel, restaurant or bowling alley."

It is clear that no provision is made in the ordinance (1956-74) to guide the Board of Zoning Appeals or the Council as to the facts or the rules in the approval of an application or as a basis for the refusal of such application. The fact that there is in a subsequent paragraph of the ordinance a requirement as to off-street parking as a condition of the right to operate a restaurant where intoxicating beverages are dispensed and consumed by the glass on the premises does not sufficiently set out the boundaries within which the Board or Council must act in granting or withholding approval. The order of the Planning Commission, which the Board approved, demonstrates the constitutional insufficiency of this ordinance. In denying appellant's applications as appears in its minutes of the meeting held on March 13, 1963, the Planning Commission said:

"The Commission felt there was not sufficient usable parking space for the amount of business expected. Building plans presented appear to have *only minimum requirements.* Evidence pertaining to parking, as well as drawings submitted, were reviewed and compared with the originals submitted. Reviewing Mr. Barton's testimony regarding the traffic situation in and out of the apron and the limitation of depth in the front and rear of the property, the terrain behind the building for deliveries, and the inside design suggested, the Commission believed this is the absolute minimum. It was further felt that no one could operate successfully being so restricted. *Because the commission must consider the total building potential for maximum economic operation,* it falls short of what the parking area can offer. The adjacent business establishments would suffer from the lounge bar customers who would park in front of their stores. *The Commission felt that the lounge would infringe on other private parking facilities.* Increased traffic would present a hazard and the building plans are too restricted.'' (Emphasis added.)

The evidence shows that the number of parking spaces as shown by the architect's drawings provided almost double the number required under the terms of the zoning ordinance. With this fact clearly established, the reasons for denying appellant's applications were based on rules created by the Commission completely independent of the power vested in it by the zoning ordinance. Ordinance 1956-74 does not define the rules circumscribing the Zoning Board's action and is, therefore, unconstitutional.

Section 4 (e) of the zoning ordinance is also unconstitutional for failure to define what is embraced in the term "large number of people" and upon what basis "ample parking facilities" are to be determined.

The principles involved in determining the unconstitutionality of the provisions of Ordinance 1956-74, Section 3, Class C Uses, paragraph 12, and Section 4 (e) of the Zoning Ordinance are clearly set out in *State, ex rel. Associated Land and Investment Corp.* v. *City of Lyndhurst,* 168 Ohio St., 289, 154 N. E. (2d), 435 and *State, ex rel. Selected Properties, Inc.* v. *Gottfried et al.,* 163 Ohio St., 469, 127 N. E. (2d), 371.

In the opinion of the Court of Common Pleas, it is provided:

"In view of the fact that the order of the Planning Commission which was affirmed by the Board of Zoning Appeals is indefinite, it will be the order of this Court that pursuant to Section 2506.04, Revised Code, that this case be remanded to the Board of Zoning Appeals with instructions to enter an order referring the matter to the Planning Commission or entering an order as to said applications pursuant to Ordinance No. 1956-74 of applications and permits being granted or denied, depending upon the finding of the standards set forth in said ordinance as to off-street parking for one motor vehicle for each 50 square feet * * *."

The journal entry further provides that either the Board of Zoning Appeals or the Planning Commission will make a final order either allowing or disallowing the permits, considering the applicable ordinances and statutes.

The court was without authority to remand a case submitted to it on appeal from an order of an administrative agency back to such agency for further proceedings under Section 2506.04, Revised Code. This section, in part, provides:

"* * * Consistent with its findings, the court (meaning the common pleas court) may affirm, reverse, vacate or modify the order, adjudication or decision or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the finding or opinion of the court. * * *"

The findings on appeal on questions of law are here clearly set out.

Having concluded that both ordinances are unconstitutional and that in all events the off-street parking places, as shown by the architect's drawings, comply fully with such space requirement, and finding further that the order entered by the court is not authorized by law, the judgment of the Court of Common Pleas is reversed and the cause is remanded to that court with instructions to order the Board of Zoning Appeals to issue the permits requested and to grant a certificate of occupancy in accord with the applications filed with the building inspector.

SILBERT and WASSERMAN, JJ., concur.