ROSENBERG ET AL., APPELLANTS, *v.* CITY OF CLEVELAND, BOARD OF BUILDING STANDARDS, APPELLEE.

(No. 878994—Decided July 20, 1970.)

*Mr. Milton Schulman,* for appellants.

*Mr. Clarence L. James, Jr.,* director of law, and *Mr. Robert I. Zashin,* for appellee.

WINTER, J. (of Medina County sitting by assignment) This cause is before the court on appeal from a final order of the Board of Building Standards and Building Appeals of the City of Cleveland, Ohio. The appeal to the board was from various orders directed to the appellants by the Commissioners of the Divisions of Housing and Building, respectively, requiring compliance with the Codified Ordinances of the City of Cleveland.

The transcript of the proceedings before the board contains the record of the hearings. Said hearings and the appearances by the appellants were as follows:

1. May 19, 1969      - No appearances by appellants;
2. June 16, 1969      - Robert C. Jaffe for appellants;
3. September 15, 1969 - Milt Schulman for appellants;
4. September 29, 1969 - Milt Schulman for appellants;
5. October 20, 1969   - Milt Schulman for appellants;
6. October 27, 1969   - Milt Schulman for appellants.

In addition to the above scheduled hearings the transcript indicates (meeting of October 27, 1969) that on two other occasions, namely, June 30, 1969, and August 18, 1969, previously assigned hearings on the subject appeal were postponed.

At the outset of the trial before this court, May 20, 1970, counsel for the appellants, Milton Schulman, moved to remand this case to the Board of Building Standards.

Subsequently counsel for the appellants moved for judgment on the transcript and, upon being advised by the court that rulings on both motions would be reserved, the appellants rested.

No evidence or testimony was offered by either of the parties and, following various arguments by and between counsel, the appellee board also rested. Accordingly, this appeal is on the question as to whether the orders of the Housing Commissioner and Building Commissioner are arbitrary, capricious, discriminatory, unreasonable and have no basis in law or fact.

Before proceeding with a discussion of the appealed order, disposition must be made of appellants' motions heretofore taken under advisement.

First, with respect to appellants' motion to remand this case to the Board of Building Standards and Building Appeals for proper hearing, the court is of the opinion the motion is not well taken and should be overruled.

The law of Ohio makes no provision whereby a Common Pleas Court can remand an appeal to the administrative officer or body appealed from for further proceedings, other than to enter an order consistent with the find-

ing and opinion of the court. Appellants' request herein constitutes a remand for further proceedings which, as the Court of Appeals has pointed out that the Common Pleas Court "* * * is without authority to remand a case submitted to it on appeal from an order of an administrative agency back to such agency for further proceedings." See *Ruggiero* v. *Brooklyn Board of Zoning Appeals*, 32 O. O. 2d 346.

Appellants' motion is therefore hereby overruled.

Second, as to appellants' motion for judgment on the transcript, inasmuch as there is no other evidence available for the court's consideration and further, since the provisions of R. C. 2506.03, except as otherwise provided therein in matters of appeal from orders of administrative officers and agencies of any political subdivision of the state, confine the court to the transcript filed pursuant to R. C. 2506.02, the motion is redundant and is hereby overruled.

Coming now to the alleged violations of Housing Ordinances appealed from, examination of the transcript reveals that the Board of Building Standards and Building Appeals conducted six hearings (May 19, 1969 through October 27, 1970) on the subject appeal. Appearances by the appellants at these hearings have been hereinbefore set forth.

Except for the sixth and final hearing, the hearing-time at the aforesaid hearings of the board appears to have been devoted to discussions among and between the board members and the alleged legal representatives of the appellants as to the identity of the authorized representative and the building inspected.

At the outset of the September 15, 1969, hearing, the first attended by attorney Schulman, the chairman requested evidence of authorization to represent the appellants Rosenberg. Mr. Schulman stated he did not have such authorization and subsequently stated:

"Now, I am awaiting your determination, Mr. Chairman, as to whether you will continue this case until such time as I get a letter from the Rosenbergs authorizing me in writing to be their attorney * * *."

The chairman, after discussion stated:

"A motion would be in order to postpone Docket A 153-67 (the subject matter) for one week, pending receipt of notice of legal representative before this Board."

Thereafter, such motion was made, seconded and carried.

At the time of the next hearing of the board (September 29, 1969) Mr. Dickerson, legal counsel, recommended that Mr. Schulman be permitted to be the official representative of the appellants * * * pending receipt of official letter from the appeal.

Chairman Carbone at the October 20, 1969, hearing asked of Mr. Schulman:

"You haven't received the letter of authorization, have you?" to which Mr. Schulman replied: "Not yet. I was supposed to get it today but I didn't."

Mr. Dickerson then stated:

"* * * it is a requirement of the board that the person representing the appellants before the board should have a written authorization."

At the October 27, 1969 (final) hearing, Mr. Schulman did not produce a letter of authorization from the appellants nor did he have such a letter from Mr. Suggs I. Garber, Mrs. Rosenberg's attorney in Cleveland. Thereafter upon the request of Mr. Zashin, legal counsel, the chairman announced that "Mrs. Rosenberg has been served proper notice," and requested a motion that the hearing proceed on the merits. Such motion was duly made and carried and the board, over Schulman's objection, then heard the inspectors' reports of the violations and affirmed the order and finding of the Division of Housing and the Division of Building that the required permits shall be obtained; that electrical corrections shall be made within 15 days; and that all other corrections shall be made within forty days.

This appeal is made pursuant to R. C. Chapter 2506, which provides for appeals from orders of administrative officers and agencies of any political subdivision of the state, and pursuant to Chapter 11, Section 76-6 of the City Charter which created the Board of Building Stand-

ards and Building Appeals. In the case at bar it is obvious that the main point of contention is rule of the board No. 54, paragraph 5, Instructions for Filing an Appeal from an Administrative Decision, Letter of Authorization, adopted pursuant to Section 76-6(d) of the City Charter and Section 5.0717 of the Codified Ordinance of the City of Cleveland, which reads:

"If the appellant is not the owner of record of the building in question, a letter of authorization is required from the owner, granting authority to make the appeal."

It is generally known that the origin of administrative law is in legislation, and proceeds from the increased functions of government. In the case of state agencies, the Ohio Administrative Procedure Act, R. C. Chapter 119, provides for the adoption of rules of procedure for the various administrative agencies. As is pointed out in 1 Ohio Jurisprudence 2d 412, Section 6, while the courts are considered to be administrative agencies, law and administration are to a certain extent antagonistic institutions of government. The courts are interested in regularity and protection of private rights, while as a general rule administrative agencies are interested in getting something done. Judges are trained in the tradition of the law, while administrators may deal in highly technical matters of comparatively recent origin. Referring to the case of *West Ohio Gas Co.* v. *P. U. C. O.,* 128 Ohio St. 301, a broad view of the relationship between the courts and administrative agencies was well expressed by the Supreme Court when it pointed out that the commission has broad administrative powers and a wide extent of administrative discretion, with the exercise of which, upon sufficient evidence and within its statutory limits, the courts do not interfere; but that the commission, exercising a delegated regulatory authority which does not have the freedom of ownership, operates in a field limited by constitutional rights and legislative requirements.

In order that any administrative agency may efficiently discharge its responsibilities and conduct its business, it follows that it must adopt and promulgate rules of procedure for its operation. The rule making power of an

administrative agency such as the Board of Building Standards and Building Appeals of the City of Cleveland to adopt rules of procedure is the power to prescribe, within the limits of the law governing the agency, standards having a general and uniform operation other than regulations governing the internal management of the agency and not affecting private rights. (See 1 Ohio Jurisprudence 2d 425, Section 24.) Without this rule-making power boards and commissions would not be able to achieve the results for which they were created. However, where power to make rules and regulations is granted it is not unlimited. To be valid a rule must not be arbitrary, unreasonable or in conflict with law. It is the opinion of this court that the general rule followed by our Supreme Court that it will not ordinarily substitute its judgment for that of an administrative agency when its finding and determination involves only questions of a ministerial or administrative character is applicable to the subject appeal.

This court upon consideration is of the opinion that the aforesaid rule of the board, No. 54, paragraph 5, requiring a letter of authorization from the owner of the property granting authority to one not the owner of record of the building in question to make an appeal to the board is a reasonable and proper requirement and is of ministerial and administrative character as related to the operation and procedures of the board.

This court is further of the opinion that ample time was afforded counsel for the appellants herein to obtain the required letter of authorization; that the final order of the Board of Building Standards and Building Appeals affirming the findings and orders of the Divisions of Housing and Building was not arbitrary, capricious, discriminatory, or unreasonable, nor was it without basis in law or fact; and that the said order should be, and hereby it is, affirmed and motion of appellee taxing costs of the transcripts herein pursuant to R. C. 2506.02, is hereby granted.

*Order affirmed.*