CHAPMAN, APPELLANT AND CROSS-APPELLEE, *v.* OHIO STATE DENTAL BOARD, APPELLEE AND CROSS-APPELLANT.

(No. 12545 — Decided
October 22, 1986.)

*Dean A. Young,* for appellant and cross-appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Lawrence D. Pratt,* for appellee and cross-appellant.

GEORGE, J. This appeal concerns the vacation and remand by the court of common pleas of the adjudication order of the Ohio State Dental Board ("board") revoking Ira A. Chapman's license to practice dentistry.

The board charged Chapman with eight counts of violating R.C. 4715.30(A)(6) and (7) which recite that:

"(A) The holder of a certificate or license issued under this chapter is subject to disciplinary action by the state dental board for any of the following reasons:

"* * *

"(6) Selling, prescribing, giving away, or administering drugs for other than legal and legitimate therapeutic purposes, or conviction of violating any law of this state or the federal government regulating the possession, distribution, or use of any drug;

"(7) Providing or allowing dental hygienists or other practitioners of auxiliary dental occupations working under his supervision to provide dental care that departs from or fails to conform to accepted standards for the profession, whether or not injury to a patient results;

"* * *"

At Chapman's request, an evidentiary hearing was held before an examiner appointed by the board. Chapman was represented by counsel, the board by an assistant attorney general. The hearing encompassed two full days at which eight witnesses testified. After reviewing all the evidence, the hearing examiner issued a report entitled "Findings of Fact, Conclusions of Law and Recommendation of Hearing Examiner."

The hearing examiner found that some of the allegations against Chapman were established by the evidence, but that others were not. He recommended that Chapman's dental license be indefinitely suspended. Chapman filed objections to this report with the board. After reviewing the hearing examiner's recommendation and Chapman's objections, the board voted to modify the recommendation and change the penalty from one of indefinite suspension to revocation.

Chapman appealed the board's adjudication order to the court of common pleas. That court conducted a hearing at which it permitted Chapman to present additional evidence. At the conclusion of the hearing, the trial court found that the board's order was supported by reliable, probative and substantial evidence, but was not in conformance with the law. This latter finding was based on the board's failure to include the reasons for its modification of the examiner's recommendation in the record of its proceedings. R.C. 119.09. The court vacated the board's order and remand-

ed the matter to it for further proceedings. This court affirms.

## Assignment of Error I

"The trial court erred in finding that the dental board's order was supported by reliable, probative and substantial evidence when the court failed to consider the record in its entirety, including the transcript of proceedings before the hearing examiner."

In conducting a review of an administrative record under R.C. 119.12, the trial court has a mandatory duty to examine and consider the record in its entirety, including the transcript of the proceedings before the hearing examiner. *Lies* v. *Veterinary Medical Bd.* (1981), 2 Ohio App. 3d 204, 2 OBR 223, 441 N.E. 2d 584. Chapman contends that the trial court in this case never read the transcript of the proceedings before the hearing examiner. However, the record does not so reflect. At the conclusion of the hearing the court stated:

"* * * Here's my decision. The matter comes on for hearing before the court on the 5th day of February 1986 *upon the transcript,* pleadings, briefs and arguments of counsel. *Upon consideration of the entire record and the additional evidence,* the court has admitted, the court finds that * * *." (Emphasis added.)

In addition to this statement, the trial court's judgment, filed six days later, recites that the court considered the entire record. Moreover, the trial court admitted additional evidence, which further apprised it of the order's sufficiency. Considering all these facts, this court is convinced that the trial court fulfilled its responsibility as a reviewing court. Accordingly, assignment of error one is overruled.

## Assignment of Error II

"The trial court erred in finding that the dental board's order permanently revoking Dr. Chapman's license was based upon reliable, probative and substantial evidence where the board's hearing officer made findings of fact in support of his recommendation to suspend Dr. Chapman's license, and without reviewing the evidence taken by its hearing officer, and without setting forth a reason for its action or demonstrating that its action has any credible or reliable basis, the board rejects its hearing officer's recommendation and revokes Dr. Chapman's license."

Under this assignment of error, Chapman contends that the board's failure to read the transcript of the proceedings held before the examiner precluded it from modifying or disapproving the examiner's recommendation. However, R.C. 119.09 does not create a mandatory duty on behalf of an administrative board to read the transcript of testimony and evidence. *Lies, supra,* at 209-210, 2 OBR at 229, 441 N.E. 2d at 590. The court in *Lies,* after examining the various authorities on the subject of administrative review found that:

"The institutional decision made by an administrative board may properly be based on written findings of fact prepared by a hearing examiner appointed under R.C. 119.09, so long as the findings of fact constitute a basis for making informed, deliberate, and independent conclusions about the issues, and the board members need not read the entire transcript of testimony, in the absence of any affirmative demonstration that the findings of fact are in any way defective." *Id.* at paragraph three of the syllabus.

Here the seven-page report of the hearing examiner contained sufficient findings of fact from which the board could draw its own independent conclusions. The findings are sufficiently detailed so as to make unnecessary a reading of the entire transcript. For example, the name of the patient, the

dental ailment complained of, and the type and amount of the narcotic drug prescribed by Chapman are clearly set out. There is more than enough information in this report to enable the board to determine if Chapman violated R.C. 4715.30(A)(6) and (7). Accordingly, assignment of error two is overruled.

### Assignment of Error III

"The trial court erred in failing to find that the dental board's order revoking Dr. Chapman's license violated due process under circumstances where:

"(1) The board failed to read the transcript of evidence taken by its hearing officer;

"(2) In deliberations it received facts from the board secretary which were incorrect and not part of the record;

"(3) [It] [r]efused Dr. Chapman or his attorney to be heard; and

"(4) [It] [r]ejected the recommendations of its hearing officer without setting forth any basis for doing so."

Chapman's contention that the board was required to read the transcript of proceedings before the hearing examiner has already been addressed. Concerning subpart (2) of his assignment of error, this court finds no violation of his due process rights. Though the board secretary may have strayed slightly in his recollection of the hearing examiner's findings, he was not so inaccurate as to seriously prejudice Chapman. Further, the other board members also had the benefit of the hearing examiner's report. Thus, the danger of their being influenced by the statements of the board secretary was substantially mitigated.

Subpart (3) of the assignment of error is also without merit. Chapman was afforded a full and fair hearing before an impartial examiner. He testified in his own behalf and presented witnesses in his own defense. His counsel cross-examined the agency's witnesses. In addition, he filed seven pages of written objections to the report of the hearing examiner. In sum, he was afforded ample opportunity to be heard, to present a defense and to confront the witnesses against him. He was afforded all that due process requires.

Subpart (4) of the assignment of error is rendered moot by the trial court's order. The trial court agreed with Chapman that the board should have stated its reasons for modifying the examiner's recommendation. Accordingly, assignment of error three is overruled.

### Assignment of Error IV

"The trial court erred in remanding this case to the dental board for further proceedings."

### Appellee's Cross-Assignment of Error

"The lower court erred in vacating the dental board's order and remanding the matter back to the board where (1) [t]he board's reasons for modifying the hearing examiner's recommendation appear in its record of deliberations and/or (2) the board's failure to specify its reasons constituted harmless error."

This court finds it necessary to first discuss the appropriateness of appellee's cross-assignment of error. The board argues that the trial court erred in vacating and remanding its order and that it should have affirmed it. It then asks that this court reverse the trial court and affirm the order of the board. The board has misconstrued the purpose of the cross-assignment of error. An appellee who has not filed a notice of appeal (cross-appeal) can file cross-assignments of error under R.C. 2505.22. However, such assignments of error are only for the limited purpose of preventing the reversal of the judgment under review. *Lowenstine* v. *Delta Air Lines, Inc.* (1982), 7 Ohio

App. 3d 185, 7 OBR 232, 455 N.E. 2d 3.

While the board may not use its cross-assignment of error as a sword, it may certainly use it as a shield in defense of its judgment. However, the trial court's action in this case needs no aegis because it does not require reversal. Hence, the discussion of the argument made by the board in its cross-assignment of error must await another day.

R.C. 119.12 recites in pertinent part that:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, *it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.* * * *" (Emphasis added.)

Unlike R.C. 2506.04, R.C. Chapter 119 does not specifically provide for the remand of an administrative agency's order. Even with regard to R.C. Chapter 2506 appeals, there is disagreement on the question of whether the trial court can remand a matter to an administrative body for further proceedings. See *In re Appeal of Whitfield* (Mar. 4, 1981), Medina App. No. 1012, unreported; *Ruggiero* v. *Brooklyn Bd. of Zoning Appeals* (App. 1964), 95 Ohio Law Abs. 28, 32 O.O. 2d 346, 197 N.E. 2d 828.

Chapman argues that the trial court has no power to remand for further proceedings in an R.C. Chapter 119 appeal. Even if it does, Chapman maintains, the vacation of the board's order created a nullity, which requires a new hearing. This court rejects Chapman's contentions.

The general rule is that even in the absence of a statute conferring such power, a reviewing court may remand a case to an administrative body for further proceedings in conformity with the law as defined by the judgment and decision of the court. 2 American Jurisprudence 2d (1962) 664, Administrative Law, Section 764. A remand for further proceedings means that the case is returned to the administrative agency so that it may take further action in accordance with applicable law. Such a remand does not dismiss or terminate the administrative proceeding but, rather, means that the agency may take a fresh look at the matter. *Tucson* v. *Mills* (App. 1976), 114 Ariz. 107, 559 P. 2d 663.

In *Superior Metal Products* v. *Admr., Bur. of Employment Services* (1975), 41 Ohio St. 2d 143, 70 O.O. 2d 263, 324 N.E. 2d 179, the Supreme Court was faced with the issue of whether a trial court had the authority to remand a decision of the board of review when R.C. 4141.28(O) only authorized vacation, reversal, or modification. The court held that "the power to reverse and vacate decisions necessarily includes the power to remand the cause to the decision maker." *Id.* at 146, 70 O.O. 2d at 264, 324 N.E. 2d at 181. Because R.C. 119.12 authorizes a trial court to reverse and vacate an administrative order, it implicitly gives that court the power to remand for further proceeding consistent with law.

A remand by the trial court for further proceedings means simply that the case is returned to the administrative agency in order that it may take further action in accordance with the applicable law. It does not dismiss or terminate the administrative proceedings, the further proceedings being one stage in a single process. 2 American Jurisprudence 2d (1962) 668, Administrative Law, Sec-

tion 766; *Mills, supra.* In the instant case, the trial court found that the board's order was not in conformance with the law because the board failed to set forth its reasons for modifying the examiner's recommendation. R.C. 119.09. By setting the board's order aside and remanding the matter for further proceedings, the court has afforded the agency an opportunity to conform its new order to the law. For all the foregoing reasons, assignment of error four is overruled, the order of the trial court is affirmed, and the matter shall proceed in accordance with that order.

*Judgment accordingly.*

MAHONEY, P.J., and BAIRD, J., concur.