ZANNIERI, Appellant,

v.

**NORWALK BOARD OF BUILDING AND ZONING APPEALS, Appellee.**

[Cite as *Zannieri v. Norwalk Bd. of Bldg. & Zoning Appeals* (1995), 101 Ohio App.3d 737.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–94–011.

Decided March 17, 1995.

*Joseph A. Zannieri,* for appellant.

*Daniel M. Kasaris,* for appellee.

Melvin L. Resnick, Judge.

This case is before the court on appeal from a judgment of the Huron County Court of Common Pleas which dismissed the administrative appeal of appellant, A.J. Zannieri, and remanded this case to appellee, the Board of Building and Zoning Appeals ("board") for the city of Norwalk for a hearing *de novo*.

Appellant appeals this judgment and sets forth the following assignments of error:

"I.   This court has jurisdiction to hear this appeal.  The court's order may be treated as a final appealable order.

"II.   The common pleas court may not remand to the board of zoning appeals to take new evidence.  The common pleas court is required to take new evidence if it is taken.

"III.   The trial court should have ruled that the Norwalk sidewalk ordinance, Municipal Code Section 905.05, is unconstitutional on its face and therefore unenforceable.

"IV.   The trial court should have ruled that the ordinance was illegal regulation of a pre-existing nonconforming use under Ohio Revised Code Section 713.15, and therefore unenforceable.

"V.   The trial court should have ruled that even if the ordinance Section 905.05 is really a 'public improvement ordinance,' it may not be used to justify the forced installation of a sidewalk in front of 46 Garcia Drive.

"VI.   Apart from the board's failure to take sworn testimony and its failure to issue findings of fact, the board acted arbitrarily and capriciously in other ways revealed by the record."

On May 1, 1990, the Norwalk City Council passed an ordinance requiring the construction of new sidewalks throughout that city.  In July 1993, appellant was served with a notice of the fact that, under the ordinance, he was required to install a sidewalk in front of his residence at 46 Garcia Drive, Norwalk, Huron County, Ohio.

Appellant then filed an application for a variance exempting him from the provisions of the sidewalk ordinance.  On August 30, 1993, at a public hearing before the board, unsworn statements were taken from various witnesses regarding appellant's application for a variance.  The board's decision denying the variance reads as follows:

"A motion made by Mr. Fries, seconded by Mr. Kramer to deny the exemption from construction of sidewalks at 46 Garcia Drive.  Mr. Kramer, Mr. Fries, Mr.

Sturn, and Mr. Nevedski in favor of the motion. Mr. Cunningham opposed. Motion carried. Exemption for sidewalk construction at 46 Garcia Drive denied."

Appellant timely appealed this decision, pursuant to R.C. 2506.01 *et seq.*, to the Huron County Court of Common Pleas.

After the board filed a transcript of the proceedings held on August 30, 1993, appellant filed a motion, under R.C. 2506.03, asking for a hearing and the taking of new evidence. The motion was based upon the fact that the board proceedings consisted of unsworn testimony and the failure of the board to file conclusions of fact with the transcript of the proceedings below.

On April 5, 1994, the common pleas court dismissed appellant's appeal *sua sponte* without prejudice. The court remanded this case to the board for "a hearing de nova [*sic* ] which shall be conducted with the formality to ensure that a proper transcript is obtained." Appellant appealed this judgment to this court.

In his second assignment of error, appellant contends that the trial court lacked the authority to remand his case to the board for a rehearing. He asserts that due to the procedural errors made by the board, the common pleas court was required to hold a hearing and take new or additional evidence. The board concedes that unsworn testimony was taken at the August 30 hearing and that no conclusions of fact were filed with the transcript. The board, however, maintains that under R.C. 2506.04, a common pleas court has the power to remand a cause to an administrative body so that it can correct its errors and "conduct a proper hearing."

R.C. 2506.03, provides:

"(A) The hearing of such [administrative] appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

" * * *

"(3) The testimony adduced was not given under oath.

" * * *

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.

"If any of these circumstances described in divisions (A)(1) to (5) of this section applies, the court *shall* hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party." (Emphasis added.)

R.C. 2506.03 unambiguously and in mandatory language sets forth the appropriate remedy in cases where a transcript consists of unsworn testimony or an administrative body fails to file conclusions of fact. See, also, *T.O.P. 1 Partners v. Stow* (1991), 73 Ohio App.3d 24, 595 N.E.2d 1044; *Woerner v. Mentor School Dist. Bd. of Edn.* (1993), 84 Ohio App.3d 844, 619 N.E.2d 34. That remedy does not include a remand to the administrative body for the taking of new or additional evidence.

Furthermore, R.C. 2506.04 does not grant a common pleas court the authority to, as an alternative to the methods provided in R.C. 2506.03, remand a case to an administrative body or official for the taking of new evidence. R.C. 2506.04 provides:

"The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record. *Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with orders to enter an order, adjudication, or decision consistent with the findings and opinion of the court.*"

Thus, R.C. 2506.04 limits the power of a trial court. It may only instruct another body to do things consistent with the findings or opinion of a higher court. *Ruggiero v. Brooklyn Bd. of Zoning Appeals* (App.1964), 32 O.O.2d 346, 95 Ohio Law Abs. 28, 197 N.E.2d 828; *Rosenberg v. Cleveland Bd. of Bldg. Stds.* (1970), 24 Ohio Misc. 10, 53 O.O.2d 34, 263 N.E.2d 325; *In re Annexation of 257 Acres from Brimfield Twp.* (Apr. 23, 1993), Summit App. No. 92–P–0062, unreported, 1993 WL 164679. There is nothing in this statute authorizing a common pleas court to remand a case to an administrative body or official for an additional hearing and then to issue an order consistent with the facts of that hearing. *Mad River Sportsman's Club v. Jefferson Twp.* (1993), 92 Ohio App.3d 273, 277, 634 N.E.2d 1046, 1048–1049. See, also, *Weber v. Clinton Twp. Bd. of Zoning Appeals* (Aug. 7, 1992), Fulton App. No. 91FU0000027, unreported, 1992 WL 185659; *Sunset Mem. Park v. N. Olmsted* (Sept. 16, 1991), Cuyahoga App. No. 59037, unreported, 1991 WL 191841; *Campane v. Bainbridge Twp.* (Nov. 13, 1987), Geauga App. No. 1350, unreported, 1987 WL 20079; *Ruggiero, supra.*

The board cites four cases which it maintains stand for the proposition that a common pleas court has the authority to remand a case under R.C. 2506.04 to an administrative body for a rehearing and the taking of new evidence. Two of these cases, *Chapman v. Ohio State Dental Bd.* (1986), 33 Ohio App.3d 324, 515 N.E.2d 992, and *Ohio State Med. Bd. v. Pla* (1988), 42 Ohio App.3d 239, 538 N.E.2d 125, considered remands under R.C. 119.12 and determined that such remands were permissible so that the agency could take further action in

accordance with the law. *Superior Metal Products v. Bur. of Employment Services* (1975), 41 Ohio St.2d 143, 70 O.O.2d 263, 324 N.E.2d 179, considered the common pleas court's ability to remand under R.C. 4141.28(O). The final case, *Smith v. Huron Cty. Bd. of Comm.* (Oct. 17, 1991) Huron App. No. H–90–59, unreported, 1991 WL 254187, involved the appeal of a denial of a contempt motion. None of these cases considered whether a trial court has the authority, under R.C. 2506.04, to remand a case for rehearing for any of the reasons set forth in R.C. 2506.03. That is, they do not deal with a statutory scheme that expressly provides and mandates a specific procedure to be followed in a case where the requirements of R.C. 2506.03 are not satisfied. Therefore, the cases cited by the board are distinguishable from the case under consideration.

Appellant filed a motion to submit evidence in the lower court. It was evident from the transcript that the board failed to file conclusions of fact and that the transcript consisted of unsworn statements.[1] Under these circumstances, the trial court should have addressed appellant's motion and proceeded under R.C. 2506.03.

Accordingly, appellant's second assignment of error is found well taken.

Due to our disposition of the second assignment of error and, in light of the fact the common pleas court failed to address any of the issues raised by appellant, we need not reach the merits of appellant's remaining assignments of error at this point in time.

On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Huron County Court of Common Pleas is vacated. This case is remanded to the trial court for further proceedings not inconsistent with this opinion. Costs of this appeal, as defined in App.R. 24, are assessed to the board.

*Judgment vacated.*

ABOOD, P.J., and SHERCK, J., concur.

---

1. Although appellant may have waived any right to assert R.C. 2506.03(A)(3) as a basis for a hearing and additional evidence, see *Zurow v. Cleveland* (1978), 61 Ohio App.2d 14, 15 O.O.3d 21, 399 N.E.2d 92, it is undisputed that he is entitled to a hearing and the opportunity to present additional evidence under R.C. 2506.03(A)(5). See *T.O.P. 1 Partners, supra.*