This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
The Richfield Township Board of Zoning Appeals, appeals from the order entered by the Summit County Court of Common Pleas, that remanded this case back to the Board of Zoning Appeals for consideration of the Kapcars' request for an area variance under the correct standard. We affirm.
The Board denied the Kapcars' request for a setback variance for the property owned by them in a residential area zoned as R-1. On May 29, 1998, the Kapcars appealed the decision to the Summit County Court of Common Pleas. In light of the trial court's finding that the Board had applied the incorrect standard in evaluating the Kapcars' request, on January 5, 1999, the court remanded the case to the Board with instructions to consider the request under the appropriate "practical difficulties" standard. Additionally, the court ordered the Board to apply the definition of "practical difficulties" found in Duncan v. Middlefield (1986),23 Ohio St.3d 83, and to consider all factors set forth therein. The Board timely appealed and raised one assignment of error for review.
ASSIGNMENT OF ERROR I
 Under Ohio Rev. Code § 2506.04, the trial court erred in remanding this administrative appeal to the Richfield
 Township Board of Zoning Appeals for further proceedings and consideration. Rather, where the record supports the [Board's] denial of the requested variance, the trial court should modify the [Board's] decision to reflect denial of the variance under the appropriate legal standard.
Administrative appeals from decisions by a township board of zoning appeals are governed by R.C. Chapter 2506. See R.C.2506.01. The appeal is first addressed to the court of common pleas. Id. The common pleas court's standard of review is set forth in R.C. 2506.04 as follows:
 The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
Our standard of review is even more limited: we must affirm the court of common pleas unless that court's decision "is not supported by a preponderance of reliable, probative and substantial evidence." Smith v. Granville Twp. Bd. of Trustees
(1998), 81 Ohio St.3d 608, 613, quoting Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. In making this determination, we apply an abuse of discretion standard. Nauth v. Sharon Twp. Bd. of ZoningAppeals, (Sept. 2, 1998), Medina App. No. 2754-M, unreported, at 4. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
A common pleas court does not have the authority to remand a case to an administrative body for the purpose of taking of new evidence. McMaster v. Housing Appeals Bd. of Akron (Nov. 26, 1997), Summit App. No. 18226, unreported, at 5, citing Zannieri v.Norwalk Bd. of Bldg. Zoning Appeals (1995) 101 Ohio App.3d 737,740. However, upon remand a trial court may instruct the administrative body to take actions consistent with the findings or opinion of a higher court. Zannieri, supra.
The trial court in this case instructed the Board to consider the evidence already presented under the appropriate standard using the criteria outlined in Duncan. The trial court was permitted by statute to remand the case to the administrative agency with instructions to enter an opinion consistent with its findings and opinions. See R.C. 2506.04.
The Board has argued that the trial court should have applied the appropriate standard to the evidence and affirmed the denial of the variance as supported by the preponderance of substantial, reliable, and probative evidence rather than remanding the case. While this court notes that the trial court had the authority to take the above actions, the trial court may also find that the application of the incorrect standard of review is capricious, arbitrary and unreasonable. Consistent with these findings the trial court may remand the action and order the administrative agency to apply the correct standard to the evidence on the record. See R.C. 2506.04. The trial court's actions fell squarely within its jurisdiction.
This court holds that the trial court's finding that the Board applied the incorrect standard of review is supported by substantial, reliable, and probative evidence. Therefore, remanding the case to the Board to correct this error by applying the appropriate standard of review was not an abuse of discretion.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________ LYNN C. SLABY FOR THE COURT
WHITMORE, J., BATCHELDER, J., CONCUR.