RICKARD et al., Appellees and Cross–Appellants; Trumbull Township Zoning Board of Appeals, Appellee,

v.

KNOPSNIDER et al., Appellants and Cross–Appellees.

[Cite as *Rickard v. Knopsnider* (2001), 142 Ohio App.3d 235.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

Nos. 99–A–0040, 99–A–0041, 99–A–0042 and 99–A–0043.

Decided April 9, 2001.

236

*Dean M. Rooney,* for appellees and cross-appellants.

*Thomas L. Sartini,* Ashtabula County Prosecuting Attorney, and *Holly J. Grant,* Assistant Prosecuting Attorney, for appellee, Trumbull Township Zoning Board of Appeals.

*William V. Valis, Brian D. Sullivan* and *Ron M. Tamburrino,* for appellants and cross-appellees.

---

JOHN R. MILLIGAN, JR., Judge.

This appeal concerns four consolidated cases, three administrative appeals and a declaratory judgment action filed by the parties. At issue is the judgment of the Ashtabula County Court of Common Pleas affirming in part the decision of the Trumbull Township Board of Zoning Appeals ("BZA"), reversing in part the decision of the BZA, and dismissing the declaratory judgment action of appellants and cross-appellees ("appellants"). Appellants include taxpayers of Trumbull Township and David Knopsnider. Appellees and cross-appellants are Lawrence and Bridgette Rickard ("appellees"), who purchased one hundred eighty acres of real property located at 3033 State Road 534 in Trumbull Township, Ashtabula County, Ohio in November 1996.

The property had previously been used as a Girl Scout camp and was zoned residential. For several years before purchasing the property, appellees conducted events called the Great Lakes Medieval Faire ("the Faire") and Halloween Knights on the property. The Faire, a medieval festival that drew thousands of people to their property, was conducted during three to four weekends each summer. Halloween Knights, a Halloween festival featuring a haunted house and hayrides, was conducted during weekends in October 1997.

In 1997, the Trumbull Township Board of Trustees revised their zoning resolution, including the requirements for obtaining a conditional use permit. These revisions required appellees to obtain a conditional use permit to conduct the Faire and Halloween Knights. On November 29, 1997, appellees filed an application for a conditional use permit to conduct the Faire. On December 16, 1997, the BZA granted a conditional use permit to hold the Faire contingent on the appellees complying with ten conditions. Later, the BZA denied appellees' request for a permit to conduct Halloween Knights, ruling that they were only allowed one .conditional use permit per year. Appellees and appellants both appealed the BZA's decision on the Faire permit to the Ashtabula Court of Common Pleas. Appellees appealed the BZA's decision on the Halloween Knights permit. Appellants also filed a declaratory judgment action seeking to have the Trumbull Township zoning resolution ruled unconstitutional.

The trial court conducted hearings on June 22, 1998 and April 9, 1999. On June 11, 1999, it ruled that (1) appellees had substantially complied with the notice provision of the resolution, (2) the BZA properly granted appellees a permit for the Faire, (3) some of the conditions imposed by the BZA were appropriate, some required the BZA to conduct further hearings, and some needed to be addressed through a special use permit, (4) the denial of the Halloween Knights permit was improper because a conditional use permit was unnecessary and should be addressed through a special use or event permit, (5) the township's comprehensive plan was the same as Ashtabula County's, which was complied with, and (6) appellants' complaint for declaratory relief was denied.

Appellants appeal and raise the following assignments of error:

"1. The June 11, 1999 judgment entry interpreting Trumbull Township's zoning regulations and denying taxpayers injunctive relief was entered after a denial of taxpayers' right to an evidentiary hearing, constituted clear error and an abuse of discretion, and was against the weight of the evidence relied on by the trial court.

"2. The trial court's affirmance of the BZA's authorization of a conditional use permit for the Medieval Faire and its reversal of the BZA's refusal to authorize a conditional use permit for Halloween Knights was contrary to law and not supported by substantial, probative and reliable evidence."

The Rickards cross-appeal and assign the following errors:

"1. In reviewing the reasonableness of the conditions imposed on the Medieval Faire permit by the BZA, the lower court erred in instituting an 'event permit' and failed to reasonably modify and/or eliminate some conditions.

"2. The trial court erred in finding that a separate conditional use permit was not required to be issued for Halloween Knights."

In their brief, appellants assign two errors and list eight issues that they are presenting for review as follows:

1. Whether the trial court incorrectly concluded that the BZA had subject matter jurisdiction;

2. Whether the trial court incorrectly affirmed the 1998 BZA decision regarding the Medieval Faire;

3. Whether the trial court incorrectly precluded the taxpayers from presenting evidence regarding the unconstitutionality of the zoning resolution;

4. Whether the trial court incorrectly determined that only substantial compliance was required to qualify for a permit;

5. Whether *res judicata* precluded relitigation of the strict compliance standard;

6. Whether the trial court incorrectly concluded that conditional use permits run with the land;

7. Whether the Medieval Faire decision by the BZA was supported by the evidence; and

8. Whether the BZA Halloween Knights decision was supported by the law and evidence.

Components from appellants' different assignments of error and issues presented for review are interspersed throughout their brief. It appears that the appeal presents questions on three topics: whether the application permit was proper, whether the trial court correctly ruled regarding the conditional use permits, and whether the trial court properly determined their declaratory judgment action. We will address each of these three topics separately.

First, appellants argue that appellees' application for a conditional use permit was improper, the trial court erred by applying a substantial-compliance standard to the application, and, even if a substantial-compliance standard applied, appellees' application did not comply with it. Appellants assert that the BZA lacked subject matter jurisdiction to issue a conditional use permit because appellees failed to comply with the notice provisions and failed to submit an analysis regarding the impact of the uses on the township's comprehensive zoning plan.

Related to this issue, appellants assert that strict compliance with the notice provisions of the resolution, not substantial compliance, was required and that the doctrine of *res judicata* precluded relitigation of that standard.

In *All Erection & Crane Rental Corp. v. Painesville Twp. Bd. of Trustees* (Sept. 23, 1996), Lake App. No 95–L–190, unreported, 1996 WL 537855, we held, citing *Kroeger v. Standard Oil Co. of Ohio* (Aug. 7, 1989), Clermont App. Nos. CA88–11–086 and CA88–11–087, unreported, 1989 WL 87837, that "the standard to be applied to procedures of nonlegislative bodies involved in the zoning amendment process is 'substantial compliance.' " Appellants argue that Trumbull Township Resolution 120 specifies that persons applying for a conditional use permit must strictly comply with the provisions of the zoning resolutions. Section 120 of the resolution states:

"120. Provisions of Resolution Declared to be Minimum Requirements.

"In their interpretation and application, the provisions of this resolution shall be held to be minimum requirements, adopted for the promotion of the public health, safety, and the general welfare. Whenever the requirements of this resolution conflict with the requirements of any other lawfully adopted rules, regulations, or resolutions, the most restrictive, or that imposing the higher standards shall govern."

Nothing in the above provision suggests that a strict compliance standard would apply to applications for conditional use permits. Furthermore, appellants have presented no authority that would indicate that failure to comply with the application requirements would divest the BZA of subject matter jurisdiction to consider the application.

Appellants further assert that the parties were barred by *res judicata* from relitigating whether the zoning resolution required strict or substantial compliance because of a prior injunction action between them. The party asserting issue preclusion must prove that the identical issue was actually litigated, directly determined, and essential to the judgment in the prior action. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 201, 2 OBR 732, 739–740, 443 N.E.2d 978, 985.

Appellants point to a November 10, 1997 judgment entry issued by the Ashtabula County Court of Common Pleas, in a separate action for declaratory relief and injunction filed by Knopsnider and others. In that case, the court ruled that the BZA's failed to comply with a mandatory provision of the zoning resolution to publish notice of a hearing ten days before a public hearing, rendering a conditional use permit issued to the Rickards invalid. In that case, the trial court held that publication of the date and time of public hearing was mandatory, not that strict compliance with the zoning resolution was required.

Appellants have not presented evidence sufficient to prove that this issue is barred by *res judicata.*

Appellants argue that the application did not substantially comply with the zoning resolution because it failed to address whether the Faire (1) was compatible with the existing use of adjacent properties, (2) was in accordance with the general objectives of the comprehensive plan or zoning resolution, (3) was harmonious with the character of the general vicinity, (4) was not hazardous or disturbing to existing or future uses, and (5) would interrupt traffic.

R.C. 2506.04 grants us limited powers to review the judgment of the court of common pleas only on "questions of law." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 30, 465 N.E.2d 848, 852, fn. 4. It does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court. *Id.* Within the ambit of "questions of law" are whether the court of common pleas abused its discretion. *Id.*

From the evidence in the record, we cannot say that the trial court abused its discretion by determining that appellees' application substantially complied with the zoning resolution. It appears that most, if not all, of the interested residences were afforded notice of the application and proceedings and appellees addressed many of the concerns raised by appellants in the application.

Secondly, appellants argue that the trial court erred by not reversing the BZA's decision. At the BZA hearing regarding the Faire, appellees presented evidence that they had been holding the Faire without incident for numerous years before the zoning resolution was changed. Many neighboring landowners complained about excessive traffic, noise, and garbage associated with the Faire. Many township residents voiced their concerns with the Faire at the meeting. In response to these concerns, the BZA issued appellees a conditional use permit, but attached ten conditions to the permit in order to attempt to alleviate the residents' main concerns. The trial court affirmed the decision of the BZA, except for some issues with the conditions, which will be addressed in appellees' cross-appeal. The trial court determined that the conditional use permit complied with the zoning resolution. From our review of the record, we cannot say that the trial court abused its discretion in affirming the decision of the BZA. It appears that the BZA attempted to address the concerns raised by the township citizens and construct a solution to bring the Faire in compliance with the overall zoning scheme.

Appellants further argue that the trial court erred by ruling that conditional use permits run with the land. They argue that Resolution Section 552 specifies that a conditional use permit is nontransferable, authorizes only one particular

use for one permit, and is only valid for one year. Appellants seem to have misinterpreted the trial court's phraseology. In this instance, the trial court was not ruling that a conditional use permit could be transferred or run in perpetuity. It was merely stating that a proposed use must be compatible with surrounding land uses and once a conditional use permit was issued for a temporary fair on a property, this was the only permit allowed for that use on that particular property.

Additionally, appellants argue that (1) the BZA had no authority to grant a "special use" permit, (2) the trial court did not do an independent review of the BZA's decision as required, (3) the BZA did not enter written conclusions as required, (4) the BZA did not strictly comply with Ohio's Sunshine Law by amending its decision without notice to the public, (5) and the trial court's ruling overruled the zoning mandate by allowing the Faire because the area was zoned residential. No evidence exists to support any of these arguments.

Finally, appellants argue that the trial court erred by not allowing them to present evidence about the constitutionality of the zoning resolution and whether it failed to address the declaratory judgment action separately from the administrative appeal. Nothing in the record indicates that the trial court refused to hear evidence with regard to the constitutionality of the zoning resolution or that appellants attempted to present any. Furthermore, contrary to appellants' contentions, the trial court did separately address the declaratory judgment action in its judgment entry. Neither of appellants' assignments of error has merit.

In their first assignment of error on cross-appeal, appellees assert that the trial court erred by not modifying the conditions imposed by the BZA and by ruling that many of the conditions should be addressed by a "special use or event permit." Of the ten conditions imposed by the BZA, the trial court determined that conditions 4, 9, and 10 were appropriately addressed by the conditional use permit, but ordered that the BZA must conduct further hearings to clarify its intentions regarding conditions 4 and 10. It determined that conditions 1, 2, 3, 5, 6, 7, and 8 should be addressed through the use of a special use or event permit.

Section 530(27)(b) of Trumbull Township's zoning resolution discusses specific criteria for the conditional use of a temporary fair and states: "[A] conditional or special use permit will be required for all temporary or special events when the expected attendance is greater than 500 people per day." Nowhere else in the resolution is a special use permit defined or clarified. It appears that it was meant for a special use permit to have the same effect as a conditional permit. Therefore, the trial court must determine whether conditions 1, 2, 3, 5, 6, 7, and 8 were reasonable with regard to the conditional use permit.

R.C. 2506.04 provides that "the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." A common pleas court does not have the authority to remand a case to an administrative body for the purpose of taking new evidence. *Zannieri v. Norwalk Bd. of Bldg. & Zoning Appeals* (1995), 101 Ohio App.3d 737, 740, 656 N.E.2d 711, 713. However, upon remand, a trial court may instruct the administrative body to take actions consistent with the findings or opinion of a higher court. *Id.* In the instant case, the trial court remanded the case to the BZA to conduct further hearings to clarify its intentions with two of the conditions imposed, which is not authorized by R.C. 2506.04. We remand for the trial court to take action consistent with R.C. 2506.04. Appellees' first assignment of error has merit.

In their second assignment of error, appellees assert that the trial court erred by ruling that a conditional use permit was not necessary for Halloween Knights since the township could regulate it by the issuance of a special use or event permit.

As we ruled in the above assignment of error, the Trumbull Township zoning resolution does not distinguish between a special use permit, an event permit, and a conditional use permit. We reverse and remand for the trial court to determine whether the BZA's denial of the conditional use permit for Halloween Knights was proper. Appellees' second assignment of error has merit.

Based on the foregoing analysis, the judgment of the Ashtabula County Court of Common Pleas is affirmed in part and reversed in part and the cause is remanded for further proceedings.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.

JOHN R. MILLIGAN, JR., J., retired, of the Fifth Appellate District, sitting by assignment.