DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Thea Coker appeals from the decision of the Summit County Court of Common Pleas, which granted Akron Metropolitan Housing Authority's motion to remand Ms. Coker's administrative appeal.
 I.
Ms. Coker received a letter from Akron Metropolitan Housing Authority (AMHA) on October 28, 1999, advising her that she was no longer eligible for a Section 8 housing subsidy. The reason cited for Ms. Coker's ineligibility is that she had an unauthorized person residing with her. According to the Federal regulations that govern the subsidy for low income housing, the local housing authority must establish a plan that incorporates the Housing and Urban Development guidelines. See24 C.F.R. § 982.54(c). AMHA's plan requires the Section 8 subsidy recipient to list all family members who will reside in the household on the application for subsidized housing.[1] AMHA's plan requires the Section 8 subsidy recipient to advise AMHA of any additional person residing with the recipient within ten days of the person becoming a resident of the recipient's household. If a person who is not a household member stays with the recipient for fifteen days in a twelve-month period, that person is an unauthorized member of the recipient's household for purposes of the Section 8 subsidy. If the subsidy recipient fails to comply with the obligations outlined in the subsidy plan, the subsidy can be terminated.
AMHA was of the opinion that one Larry Sowell was residing with Ms. Coker. This belief was based on the fact that Mr. Sowell had been arrested by the Akron Police Department during a controlled drug buy in the general location of the housing unit in August 1999. The police obtained a search warrant for Ms. Coker's apartment, and found some men's clothing at the residence, allegedly belonging to Mr. Sowell. Mr. Sowell was not listed in Ms. Coker's Section 8 application as a member of Ms. Coker's household.
After AMHA terminated the Section 8 subsidy, Ms. Coker filed an administrative appeal. On January 5, 2000, an administrative hearing was held, at which Ms. Coker testified that Mr. Sowell did stay with her on a few occasions. Several other witnesses, including both Mr. Sowell's mother and Ms. Coker's mother, testified that Mr. Sowell did not live with Ms. Coker. Mrs. Sowell testified that her son lived with her. Mrs. Lola Coker testified that she frequently visited her daughter Thea Coker and never saw Mr. Sowell staying at the residence.
On January 24, 2000, the hearing officer rendered a decision. The decision stated that "[t]he rule regarding whether one is living in an AMHA subsidized Section 8 residence is staying in a residence ten or more days a year [sic]." Applying this legal standard, the hearing officer determined that there was sufficient evidence to accept the agency's conclusion that Mr. Sowell was living with Ms. Coker. Concluding that Ms. Coker had a duty to report Mr. Sowell after he had resided with her for ten days, the hearing officer determined that "Ms. Coker has not met the minimum standards required to be a Section 8 participant. She failed to report Mr. Larry Sowell as a member of her household." Having concluded that the failure to report was a violation of the rules, the hearing officer affirmed the agency's decision to terminate the subsidy.
Ms. Coker filed an administrative appeal in the court of common pleas. Ms. Coker filed her appellate brief in which she pointed out that the hearing officer used the wrong legal standard, i.e., residing with the recipient for ten days in twelve months (as opposed to the correct standard of fifteen days in twelve months). AMHA failed to file a merit brief. Rather, four days after AMHA's brief was due, AMHA filed a motion to remand to the hearing officer, so that the proper legal standard could be applied, i.e. living with the recipient fifteen days in twelve months. The court of common pleas granted the motion to remand. The judgment entry read: "this Court hereby vacates said order and remands the cause to the Appellee for hearing and a proper decision to be made consistent with its policies and the Federal regulations."
Ms. Coker filed the instant appeal, challenging the remand. She assigns three errors, which we will address together.
 II. Assignment of Error No. I
 THE TRIAL COURT ERRED BY CONSIDERING THE MOTION TO REMAND FILED BY APPELLEE.
 Assignment of Error No. II
 THE TRIAL COURT ERRED IN REMANDING THE ADMINISTRATIVE APPEAL TO THE HEARING OFFICER.
 Assignment of Error No. III
 THE TRIAL COURT ERRED BY FAILING TO ADDRESS ALL ISSUES RAISED IN THE ADMINISTRATIVE APPEAL.
Ms. Coker's appeal to the common pleas court was filed pursuant to R.C. 2506.01. According to the statute and case law interpreting the statute, the common pleas court has a limited appellate role. In that capacity, the court may
 find that the order, adjudication, or decision is unconstitutional, illegal, arbitary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court.
R.C. 2506.04.
"The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. City ofYoungstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147, citingSmith v. Granville Twp. Bd. of Trustees (1998), 81 Ohio St.3d 608, 612, and Dudukovich v. Lorain Metro. Hous. Auth. (1979), 58 Ohio St.2d 202,206-207.
In the instant case, Ms. Coker's appellate brief in the common pleas court underscored the fact that the administrative hearing officer used the wrong legal standard in rendering his decision. Rather than filing an appellate brief in the R.C. 2506 appeal, AMHA simply moved the common pleas court to remand to the administrative agency for the application of the proper legal standard. However, there is no provision in R.C. 2506 for such a procedure. In its brief to this court, AMHA has pointed to the portion of R.C. 2506.04 that allows the common pleas court to remand the cause to the administrative agency. However, R.C. 2506.04 is quite clear that a remand comes after the common pleas court has reviewed the evidence, and made a finding regarding whether the agency's decision is supported by the evidence and the law. After the common pleas court reviews the record,
 the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order adjudication, or decision consistent with the findings or opinion of the court.
R.C. 2506.04. Here, the court determined that the hearing officer used the wrong legal standard in deciding the case. Having determined that, the court remanded for further evidentiary hearing. R.C. 2506.04 does not provide for a remand for an additional hearing.
This court has previously held that, "[n]othing in R.C. 2506.03 or 2506.04 empowers the common pleas court to remand a case to an administrative body for additional hearing and then to issue an order consistent with the facts at that hearing." McMaster v. Housing AppealsBd. of Akron (Nov. 26, 1997), Summit App. No. 18226, unreported, at 3, citing Zannieri v. Norwalk Bd. of Bldg. Zoning Appeals (1995),101 Ohio App.3d 737, 740. "A common pleas court does not have the authority to remand a case to an administrative body for the purpose of taking new evidence." Kapcar v. Richfield Twp. Bd. of Zoning Appeals
(Nov. 17, 1999), Summit App. No. 19463, unreported, at 3.
In the instant case, the common pleas court had three options. If the court determined upon a review of the evidence that the decision of the administrative body was supported by substantial, probative evidence based on the appropriate legal standard, the court could affirm the agency's decision. If the court did not find evidence to support the decision based on an application of the proper legal standard, the court could either (1) reverse or vacate the agency's decision or (2) remand the cause and order the agency to enter an order consistent with the decision of the common pleas court. The lower court here failed to carry out its statutory duty.
Our duty is limited to reviewing the decision of the common pleas court on questions of law only. Henley, 90 Ohio St.3d at 147, quoting Kisilv. Sandusky (1984), 12 Ohio St.3d 30, 34, fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court." Lorain City School Dist. Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257, 261. Therefore, this court is obliged to remand this cause to the common pleas court to review the evidence that was presented to the administrative agency and then to determine whether there is substantial, probative evidence to support the agency's decision, based on the application of the correct legal standard.
Ms. Coker's assignments of error are well-taken, and they are sustained.
 III.
Having sustained the assignments of error, we reverse the judgment of the common pleas court, and we remand the cause to that court for proceedings consistent with this decision.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
WHITMORE, J. CONCURS.
CARR, J. CONCURS IN JUDGMENT ONLY.
[1] At the administrative hearing, AMHA's "NOTICE TO ALL SECTIONS 8 CERTIFICATE AND VOUCHER RECIPIENTS" that apparently governs the recipient's obligations under Section 8. However, only the first page of the two-page notice was admitted into evidence. The full document apparently contains over twenty-four numbered items under "FAMILY OBLIGATIONS." Apparently Ms. Coker signed such a document on March 24, 1999. When AMHA filed its motion to remand in the common pleas court, it included both pages of the document signed by Ms. Coker as an appendix to the motion.
In her administrative Plan for the Section 8 Certificate and Voucher Programs. This document provides that an adult living in the household for more that a total of 15 days in 12 months "without [AMHA] approval" is considered and unauthorized household member. It appears that without prior approval of the additional household member, the agency will terminate the subsidy.