WILLIAMSON, APPELLEE, *v.* TOWNSHIP TRUSTEES OF CHESTER TOWNSHIP ET AL., APPELLANTS.

[Cite as Williamson v. Twp. Trustees, 18 Ohio App. 2d 188.]

(No. 437—Decided March 10, 1969.)

*Mr. Mark Sperry* and *Mr. Wallace King*, for appellee.

*Mr. Gene Henry*, prosecuting attorney, for appellants.

JONES, J. Walter W. Williamson is co-owner of 4.46 acres of land located in Geauga County, Chester Township, Ohio. The land is zoned residential. The Zoning Inspector of Chester Township, Louis Musacchio, Jr., on November 10, 1966, ordered Mr. Williamson to stop removing sand from the land. His reason: "The zoning inspector does not have the power to grant the extension of a nonconforming use."

Mr. Williamson then lodged an appeal before the Chester Township Board of Zoning Appeals (Case No. 9-1966). The appeal was predicated upon the theory that "the enforcement of the terms of the zoning resolution result in unnecessary hardship to appellant." A hearing was had before the board on December 13, 1966. Mr. Wil-

liamson's appeal was denied and he was ordered by the board not to use any part of the 4.46 acres of land for "digging and removal of sand for any other purpose contrary to the residential classification in which it [*sic*] is located." Curiously enough, the decision was based upon the board's refusal to extend a nonconforming use. Mr. Williamson sought a variance, and the board responded by denying Mr. Williamson an extension of a nonconforming use. Mr. Williamson and the board marched to the beat of a different drum.

From this order Mr. Williamson appealed to the Common Pleas Court of Geauga County. Mr. Williamson motioned the reviewing court for a trial *de novo* pursuant to Section 2506.03, Revised Code. This statute does not provide for a trial *de novo*. (*Manning* v. *Straka,* 117 Ohio App. 55; notwithstanding the dictum found in *In re Appeal of McDonald,* 119 Ohio App. 15.) Upon hearing, the reviewing judge remanded the cause to the Chester zoning authorities with an order to grant the variance *upon six conditions.* The decision of the board was found to be unreasonable.

A notice of appeal was filed January 24, 1968, in the Common Pleas Court, the body of which is as follows:

"Appellees, Township Trustees of Chester Township, hereby give notice of appeal to the Court of Appeals from a judgment rendered on the 24th day of January, 1968."

There is no judgment rendered by the Common Pleas Court on January 24, 1968. The notice of appeal is defective. At this point, we could dismiss the appeal; however, in the interest of justice, we shall, *sua sponte,* amend the notice to read from the "* * * 4th day of January, 1968." The reviewing court's order was filed on that day and it is obvious that it is from that order this appeal is taken. Not counting the first day, but counting the last day, it appears that this appeal was filed on the 20th day after judgment. It appears that the notice of appeal states that appellants are the Board of Trustees of Chester Township, Geauga County, Ohio. Mr. Musacchio, the Zoning Inspector, did not perfect an appeal from the Common

Pleas Court decision. This does not affect the standing of the appellants in this court. (See *Kline* v. *Bd. of Twp. Trustees*, 13 Ohio St. 2d 5.)

Consistent with the *Straka case*, we hold that the Common Pleas Court order of January 4, 1968, exceeds the authority of that court as reviewing court pursuant to 2506.04, Revised Code, in that the court remanded the cause to the board with instructions to allow a variance *upon certain conditions.*

Accordingly, the order of the Common Pleas Court of Geauga County, under date of January 4, 1968, is set aside and this cause is remanded to that court with instructions to enter an order pursuant to law (Section 2506.04, Revised Code).

*Judgment accordingly.*

HOFSTETTER, P. J., and COOK, J., concur.