SHELBY REALTY, INC., ET AL., APPELLEES, *v.* VILLAGE OF SPRINGDALE, APPELLANT.

[Cite as Shelby Realty, Inc., v. Springdale (1971), 27 Ohio App. 2d 204.]

(No. 11392—Decided February 16, 1971.)

*Messrs. Cors, Hair & Hartsock,* for appellees.

*Mr. Paul J. Weber,* solicitor, village of Springdale for appellant.

HESS, J. This is an appeal from the judgment of the Court of Common Pleas for Hamilton County, in an appeal from an action of the board of zoning appeals of the village of Springdale which had denied an appeal to it to reverse the action of the building department of the village of Springdale which had refused an application for a building permit.

There appears to be no substantial dispute on the facts leading to the appeal to the Court of Common Pleas.

Hilda Ricking is the owner of a tract of land encompassing approximately twenty-six acres in the village of Springdale, hereinafter referred to as village, lying on the north side of Kemper Road, adjoining, on the west, a shopping center, known as Princeton Plaza, which lies on the northwest corner of the intersection of Kemper Road and Princeton Pike. Across Princeton Pike, to the east, is the Tri-County Shopping Center.

By zoning ordinance No. 35-1966, the village established land-use regulations for the entire village. The greater portion of the property owned by Hilda Ricking was zoned "O" office, with approximately seven acres at the northwest corner being zoned for single family residence.

In January 1968, Shelby Realty Inc. obtained an option to purchase the tract in question from Hilda Ricking. This company is the real estate holding subsidiary of Shottenstein Stores Corporation located in Columbus, Ohio, which planned to construct a 160,000 square feet, single floor, free standing building to be used as a store and a small outbuilding to be used as a bank.

On February 27, 1968, plaintiffs made an application to the Planning Commission of the village for a change in the zoning classification from the then existing "O" office to "E" retail to accommodate the proposed use. The

Planning Commission approved the application, subject to certain conditions and restrictions, and forwarded its recommendations to the village council. Thereafter, the village council instructed the village solicitor to prepare an ordinance which would effect the zoning change, held a public hearing, and, after further consideration, voted on January 22, 1969 not to adopt the proposed amending ordinance.

In March 1969, plaintiffs applied to the building department of the village for a permit for the construction of the building described. The building inspector refused to issue the permit on the ground that the proposed use was not in keeping with the existing zoning ordinance. They appealed the decision of the building inspector to the village board of zoning appeals on two grounds: (1) that the building commissioner erred in refusing to grant the building permit requested, and (2) that the board should grant a variance from the application of the land-use regulations so as to permit the construction of the proposed buildings. The board denied the appeal on the ground that the building inspector was bound by the zoning ordinance to refuse the permit and that the board had no authority to grant a variance of such broad effect which, if granted, would in fact have constituted a rezoning of the property by administrative action.

Thereafter, the plaintiffs appealed the decision of the board of zoning appeals to the Court of Common Pleas for Hamilton County, pursuant to the provisions of R. C. Chapter 2506.

After an extensive hearing, the Court of Common Pleas entered the following finding and judgment:

"That the case is properly before this court and that the motion to dismiss is, therefore, overruled and this court has jurisdiction over the matter and the issues before it.

"That the existing zoning as it relates to the property which is the subject of this action is unconstitutional and the decision of the Board of Zoning Appeals in upholding the denial of a building permit is hereby reversed.

"It is further ordered that a special mandate be sent

to the Board of Zoning Appeals of the village of Springdale, Ohio for execution upon this entry and enforcement of this judgment, and for reversal of the decision journalized by the Board on the 27th day of March, 1969, and that a variance as requested be issued."

The village, appellant herein, presents three assignments of error on the judgment of the Court of Common Pleas which are as follows: (1) the court erred in overruling the motion to dismiss the appeal made after the admission into evidence of most of the pertinent exhibits on the grounds that the board of zoning appeals, from the evidence, could not, under the law, and in the exercise of reasonable discretion, rule other than it did: (2) the judgment of the court is contrary to law; and (3) the judgment of the court is against the weight of the evidence.

It is apparent from the record that the first assignment of error is based upon the premise that Shelby Realty, Inc., one appellee herein, did not pursue the proper course to obtain a review of the action of the board of zoning appeals, and, by reason thereof, the motion to dismiss presented by the village should have been sustained by the Court of Common Pleas.

In the case of *Sibarco Corp.* v. *Berea,* 7 Ohio St. 2d 85, the Supreme Court established that the proper procedure for an aggrieved party to obtain judicial review of a city council's denial of an application to rezone or authorize a variance is to present an application for a building permit to the building commissioner or other administrative officer charged with the duty of issuing such permits. If the permit is refused by the commissioner, the aggrieved party must then exhaust his administrative remedies by appeal to the board of zoning appeals. If that board upholds the commissioner's refusal to grant a permit, the applicant for the permit has the right to judicial review by appeal to the Court of Common Pleas, pursuant to R. C. Chapter 2506. It follows that the Court of Common Pleas did not err in overruling the motion to dismiss. See *Berg* v. *Struthers,* 176 Ohio St. 146; also, *Remy* v. *Kimes,* 175 Ohio St. 197.

The second assignment of error raises the question of whether the evidence supports the judgment of the Court of Common Pleas in finding that the zoning ordinance of the village (No. 35-1966) is unconstitutional as applied to the property involved in this appeal.

Since the Court of Common Pleas found that the zoning ordinance was unconstitutional as applied to the subject property, this Court has reviewed the evidence and finds that it convincingly supports the conclusion that zone "O" (office) as it applies to the subject property is unreasonable, arbitrary and confiscatory, and that the application of such zoning ordinance to the property involved is not necessary to promote the health, safety, morals, convenience or general welfare of the inhabitants of the portion of the village affected.

In its judgment entry, the Court of Common Pleas stated: "[it is] ordered that a special mandate be sent to the Board of Zoning Appeals of the village of Springdale, Ohio, for execution upon this entry and enforcement of this judgment, and for reversal of the decision journalized by the Board on the 27th day of March, 1969, and that a variance as requested be issued."

That portion of the judgment in which the court ordered "that a variance as requested be issued" appears to be an exercise of power by the Court of Common Pleas beyond that authorized by R. C. 2506.04, which provides, in part, the following:

"Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication or decision, or remand the cause to the officer or body appealed from with instructions to enter an order consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law pursuant to Sections 2505.01 to 2505.45, inclusive, of the Revised Code."

It is noted that both the building commissioner and the board of zoning appeals based their decisions to refuse the building permit requested on the sole ground that the village zoning ordinance (No. 35-1966) would not per-

mit the use of the land as requested in the application for the building permit.

When the Court of Common Pleas found the zoning ordinance to be unconstitutional, the impediment upon which refusal to issue the permit was based appears to have been removed.

The mandate in the judgment of the Court of Common Pleas requiring the board of zoning appeals to issue a variance to the ordinance which it has declared to be unconstitutional as applied to the subject property would appear to be a vain act. Further, such a mandate would be in the nature of a legislative act rather than a judicial determination.

In the case of *Williamson* v. *Twp. Trustees*, 18 Ohio App. 2d 188, it is held in paragraph two of the syllabus: "A Common Pleas Court does not have authority, in an appeal from a township board of zoning appeals, to remand the cause to such board with instructions that it allow a variance on certain conditions."

In the instant case, the thrust of the appeal to the Court of Common Pleas was the unconstitutionality of the zoning ordinance as applied to the subject property. We affirm the conclusion of the Court of Common Pleas that the ordinance is unconstitutional as applied to the subject property herein.

That portion of the judgment requiring the village board of zoning appeals to issue a variance to the ordinance is reversed, and this cause is remanded to the Court of Common Pleas for it to issue an order to the board of zoning appeals to conduct a hearing on the application for a building permit in light of the unconstitutionality of the ordinance in question, as it applies to the subject property.

*Judgment affirmed in part and reversed in part, and cause remanded.*

SHANNON, P. J., and HILDEBRANT, J., concur.