MAD RIVER SPORTSMAN'S CLUB, INC., Appellant,

v.

JEFFERSON TOWNSHIP BOARD OF ZONING APPEALS, Appellee.

[Cite as *Mad River Sportsman's Club, Inc. v. Jefferson Twp. Bd. of Zoning Appeals* (1993), 92 Ohio App.3d 273.]

Court of Appeals of Ohio,
Logan County.

No. 8-93-14.

Decided Nov. 18, 1993.

*Smith, Smith & Montgomery* and *William R. Montgomery*, for appellant.
*Gerald L. Heaton*, Logan County Prosecuting Attorney, for appellee.

EVANS, Presiding Judge.

This is an administrative appeal on questions of law raised by Mad River Sportsman's Club, Inc., arising from a decision of the Common Pleas Court of Logan County, finding in favor of Mad River, but remanding the case to the Jefferson Township Board of Zoning Appeals for further consideration.

The record indicates that on January 9, 1989, the Jefferson Township Board of Zoning Appeals ("board") issued a conditional use permit without conditions or restrictions for property owned by Walter Lamb to be used for a "hunting club." Lamb operated the club until June 1991 when he sold its assets, including approximately one hundred seventy-five acres of the real estate covered by the conditional use permit, to Mad River Sportsman's Club, Inc. ("Mad River"). In April 1992, Mad River constructed a sporting clays course at the club. Mad River opened this target course to the public. Residents in the area around the club complained to the zoning inspector that as a result of the sporting clays course there was a rise in the volume of shooting at the sportsmen's club which caused a disturbingly increased level of noise. After visiting the premises, the zoning inspector found Mad River's use of the property to be in violation of the conditional use permit. The zoning inspector issued an order for Mad River to cease all operation of the sporting clays course at the end of the business day on October 21, 1992. Mad River appealed to the board, which conducted a hearing on December 1, 1992. The board's decision to deny the appeal and uphold the zoning inspector's order was announced at a subsequent hearing on December 22, 1992. Mad River challenged the board's decision by appealing to the common pleas court pursuant to R.C. 2505.03 and 2506.01.

It appears from the record that a complete transcript of the proceedings before the board was filed with the common pleas court as required by R.C. 2506.02. On June 15, 1993, the court entered its decision finding that Mad River's use of the property was consistent with the conditional use permit. This determination had the effect of reversing the board's decision and allowing Mad River to continue its use of the sporting clays course. The court, however, *sua sponte*, questioned the validity of the conditional use permit and remanded the cause to the board for a determination of whether the requirements of the township's zoning resolutions were followed when the permit was originally issued in January 1989. The common pleas court instructed the board to reverse the zoning inspector's cease and desist order if proper procedures were followed when the permit was issued. However, the court instructed the board that if proper procedures were not followed, the permit was void *ab initio* and no such permit could have passed to Mad River when it purchased the land from Lamb in 1991, and that the board should reaffirm the cease and desist order. The court's order remanding the case to the board was stayed pending the outcome of this appeal.

Mad River appeals that portion of the common pleas court's order remanding the case to the board. No appeal was taken by the board to contest the common pleas court's finding that Mad River's use of the property was consistent with the conditional use permit. The issue presented for our determi-

nation is whether a common pleas court, when reviewing a decision of an administrative body, may remand the case to the administrative body from which the appeal was taken for that body to conduct further evidentiary hearings in order to consider an issue raised for the first time by the common pleas court and not a part of the administrative body's original determination.[1] For the reasons which follow we answer this query in the negative.

The authority for common pleas courts to review proceedings of administrative officers and agencies is granted in Section 4(B), Article IV of the Ohio Constitution, which authorizes such courts to act only as may be provided by law. The legislature enacted guidelines for administrative appeals in R.C. Chapter 2506.

R.C. 2506.03 provides the procedure for the common pleas court to hear administrative appeals and specifically states:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies: * * *."

The statute then sets forth five specific circumstances under which the common pleas court may hear and consider testimony in addition to the record the administrative body was required to file pursuant to R.C. 2506.02. Only when one of these five specifically enumerated deficiencies in the transcript exists may additional evidence be presented; otherwise, the common pleas court "shall be confined to the transcript." In the instances when it is necessary for additional evidence to be adduced, the hearing in the common pleas court shall proceed "as in the trial of a civil action." There is no authority for the court to remand the case in order for the administrative body to hear additional evidence and issue a second decision based on the additional evidence.

■ In the instant case, none of the conditions listed in R.C. 2506.03 is applicable. Therefore, the common pleas court was "confined to the transcript" filed by the board. Because there was nothing in this transcript relating to the validity of the conditional use permit, the common pleas court erred by going beyond the record in order to *sua sponte* raise this issue.

The statutory scheme of R.C. Chapter 2506 is for the court of common pleas to function as an appellate court examining the decision of the administrative body to ensure that it is based upon a preponderance of substantial, reliable and

---

1. The assignments of error presented by Mad River read:

"The trial court erred in remanding the case to the board of zoning appeals and ordering the board of zoning appeals to conduct a further evidentiary hearing.

"The trial court erred by introducing in its decision a new issue not presented or argued by the parties and not dispositive of the issue squarely before the court."

credible evidence and is not unconstitutional, illegal, arbitrary, capricious, or unreasonable. In fulfilling this role as a reviewing court, the common pleas court may not introduce new issues into the case. Such an action is beyond the authority granted to the court by the provisions of R.C. Chapter 2506.

The common pleas court's alternatives after reviewing the record are specified in R.C. 2506.04, which gives the court the authority to find that the board's "order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record."

After the court makes this determination, it must then enter a ruling consistent with its findings. The court may either "affirm, reverse, vacate, or modify the order, adjudication, or decision, or [the court may] remand the cause to the officer or body appealed from with instructions [for the officer or body] to enter an order, adjudication, or decision consistent with the findings or opinion of the court."

There is nothing in this statute authorizing the common pleas court to remand the case to the administrative body for an additional hearing and then to issue an order consistent with the facts established at that hearing. *Williamson v. Chester Twp. Trustees* (1969), 18 Ohio App.2d 188, 47 O.O.2d 303, 247 N.E.2d 789; *Ruggiero v. Brooklyn Bd. of Zoning Appeals* (App.1964), 95 Ohio Law Abs. 28, 32 O.O.2d 346, 197 N.E.2d 828. The language in R.C. 2506.04 that the court may "remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court", authorizes the common pleas court to remand the case for the board to perform only the ministerial tasks of drafting and issuing the order.

 While we sustain the assignments of error presented by Mad River, justice requires that we review the propriety of the common pleas court's decision finding Mad River's use of the property to be in conformity with the conditional use permit. As stated *supra,* in administrative appeals such as this, the common pleas court is limited to weighing the evidence and determining whether there exists a preponderance of reliable, probative and substantial evidence to support the board's decision. R.C. 2506.04. The common pleas court must be careful not to substitute its judgment for that of the board. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201, 389 N.E.2d 1113, 1117. In contrast, the court of appeals serves the limited function of determining whether the common pleas court correctly applied the statutory standard of review. *Id.* R.C. 2506.04 allows an appellate court to consider appeals from a decision of the common pleas court only on questions of law. Thus, in reviewing the common pleas court's finding that Mad River did not violate the conditional

use permit, we must affirm the court's decision unless it is unsupported by the facts as a matter of law.

■ A copy of Walter Lamb's application for a conditional use permit and the permit as issued by the board are contained in the record. From these documents it is evident that the permit was issued to Lamb for a "hunting club." The transcript of the hearing before the board held on December 1, 1992 indicates Mad River's use of the property exceeded the use detailed in the permit for a "club." By its common definition, a "club" connotes a limited group of people, *i.e.,* the membership of the club. In contrast to allowing only the members of the sportsmen's club to use the sporting clays course, there was evidence that Mad River opened this course to the public, thus allowing an unlimited number of people to shoot. We find this public operation of the sporting clays course to be inconsistent with the conditional use permit as a matter of law. Accordingly the cease and desist order must be affirmed insofar as it precludes Mad River from opening its sporting clays course to the public.

In conclusion, we find that under the circumstances of this case the common pleas court did not have authority to remand the cause to the board for additional hearings on an issue not presented by the parties or properly raised before the court pursuant to the provisions of R.C. Chapter 2506. Further, the common pleas court erred by finding Mad River's use of the property to entertain the public to be consistent with the conditional use permit which was granted for the purpose of a private hunting club with the users of the facilities limited to the club members.

Having found prejudicial error in the judgment of the Court of Common Pleas of Logan County, the same is hereby reversed. The case is remanded to the common pleas court with instructions that the court issue an order reinstating so much of the decision of the Jefferson Township Board of Zoning Appeals as is necessary to uphold the cease and desist order as it relates to Mad River's permitting public use of any of its facilities.

*Judgment reversed*
*and cause remanded*
*with instructions.*

SHAW and HADLEY, JJ., concur.