[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant Carl John Kaeser appealed a citation issued to him by the city of Cincinnati to discontinue the unpermitted use of his property. During the hearing before the Zoning Board of Appeals (ZBA), Kaeser attempted to establish that the automobile storage on his property was a valid, nonconforming use of that property and therefore could continue. The ZBA found that Kaeser had never established a conforming use prior to the zoning change, and therefore that his present nonconforming use was illegal. The ZBA upheld the city's order to discontinue the automobile storage on the property.
Kaeser appealed the ZBA's decision to the Hamilton County Court of Common Pleas and moved for a de novo hearing. A magistrate denied Kaeser's motion and, after a consideration of the appeal, recommended that the decision of the ZBA be upheld. Kaeser moved to set aside the recommendation of the magistrate. The trial court denied Kaeser's motion and adopted the decision of the magistrate in an entry dated May 21, 1999. Kaeser has appealed the trial court's decision. For the reasons set forth below, we affirm.
Kaeser raises three assignments of error. The first two, that the trial court erred in overruling his motion for a denovo hearing and that the ZBA hearing deprived him of due process, both stem from the participation of a ZBA board member in the hearing. Kaeser argues that Ms. Conover, a member of the ZBA at the time that it heard Kaeser's appeal, acted as a primary witness against Kaeser, and that her participation so tainted the proceedings that the administrative hearing was fundamentally flawed, and that he was entitled to an entirely new hearing in the court of common pleas. The magistrate recognized, and the trial court concluded, that while Conover's testimony in the ZBA proceedings "caused some concern," there was no legal precedent for finding it prejudicial when she recused herself from voting on Kaeser's appeal. The trial court ultimately found that if any error occurred, it was harmless error.
Initially, we note that parties appealing the decision of an agency such as the ZBA pursuant to R.C. 2506.01 are not statutorily entitled to a de novo hearing in the trial court. R.C. 2506.03 provides for the submission of additional evidence if certain enumerated circumstances apply.[1] We assume for purposes of this appeal that Kaeser's argument regarding a de novo hearing is an assertion that one of the circumstances set forth in R.C.2506.03 applies to his case, and that therefore he should have been afforded the opportunity to present additional evidence to the trial court.
However it is recast, Kaeser's argument must fail. Conover's participation in the hearing was not objected to by Kaeser. In order to constitute reversible error; therefore, Conover's participation must rise to the level of plain error.[2] It does not. The record demonstrates that, even without Conover's testimony, the ZBA had substantial, reliable and probative evidence on which to base its decision. Kaeser's first and second assignments of error are overruled.
In his third assignment of error, Kaeser argues that the ZBA's decision went against the manifest weight of the evidence, and that the trial court erred in upholding the decision.[3] We do not agree. As we have noted above, the preponderance of substantial, reliable and probative evidence showed that Kaeser had never established a lawful conforming use of his property prior to the zoning change at issue. Without a prior lawful use, a nonconforming use is illegal. The ZBA therefore correctly upheld the order by the city to discontinue the use.
We hold that the trial court's decision that the ZBA's findings were supported by the preponderance of substantial, reliable and probative evidence is not contrary to law. Kaser's third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 ______________________ PRESIDING JUDGE SUNDERMANN
 SUNDERMANN, P.J., WINKLER and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
[1] Williamson v. Twp. Trustees (1969), 18 Ohio App.2d 188,247 N.E.2d 789.
[2] Evid. R. 103 (D).
[3] Cincinnati Bengals, Inc. v. Papania (1993), 92 Ohio App.3d 785,787, 637 N.E.2d 330, 331 (per curiam), with respect to the weight of the evidence, the trial court's duty is to determine whether the agency's decision is supported by the preponderance of substantial, reliable and probative evidence, and on appeal, the issue is whether that determination is contrary to law.