[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
This case involves an administrative appeal of a determination that plaintiff-appellant Martin Schuster owned an unsafe building in violation of the Cincinnati Building Code.[1] In 1994, Schuster purchased the building and obtained a permit to make foundation repairs. In June 1997, a housing inspector issued a condemnation order due to the deteriorated condition of the building and slippage down a hillside. A few months later, the inspector revisited the building and determined that there was no change in its condition. A pre-prosecution hearing was held regarding the building. Schuster did not appear at the hearing. In January 1998, the inspector issued a notice of civil offense for the building.
At an administrative hearing, Schuster testified that he had made repairs to the building over his years of ownership, and he disputed that the building was unsafe. Schuster also disputed testimony by the inspector that his permit to make the repairs had expired due to lack of progress. Schuster claimed that he could complete repairs to the building within twelve months.
The hearing examiner concluded that Schuster had violated the building code and fined Schuster $500. The examiner found that Schuster had not addressed the condemnation order in a timely fashion. The examiner stated, "While I have every reason to believe that [Schuster] is competent to complete the repairs he has clearly begun, I am sympathetic to the City's need to have such projects done within a reasonable period * * *."
The case proceeded through the administrative-appeal process and went to the Hamilton County Court of Common Pleas, which agreed that Schuster had violated the building code and that he should be fined $500. Schuster now appeals the trial court's determination, asserting five assignments of error. We overrule all five and affirm.
In the first assignment, Schuster asserts that the trial court erred in determining that he had violated the building code. In reviewing an administrative appeal under R.C. 2506.04, the trial court may find that an administrative decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." In making this determination, the trial court must give "due deference to the administrative resolution of evidentiary conflicts."[2] The function of an appellate court is then limited to determining whether the trial court correctly applied its standard of review.[3] We cannot substitute our judgment for that of the administrative officer or that of the trial court.
Here, the building inspector testified at the hearing — with photographs in support of the testimony — that the foundation of the building had holes in it and was severely deteriorated, and that the building was unstable and sliding down a hillside. According to him, the building presented a threat to the public, and he stressed that he did not observe any change in the building's condition after the condemnation order had been issued. While it may have been true that Schuster had the competence to repair the building and, in fact, had been working on the building, the fact remains that, based on the inspector's observations, Schuster had failed to make enough repairs within a reasonable amount of time. In light of the inspector's testimony, we conclude that the trial court was entitled to conclude that there was substantial, reliable, and probative evidence that Schuster had violated the building code, and that the administrative determination was proper. We overrule the first assignment.
In the second assignment, Schuster challenges the inspector's testimony that the permit to make the repairs on the building had expired. Schuster claims that he spoke with representatives from the building inspector's department who informed him that it was not necessary to renew his permit as long as he was working on the building. According to him, he never stopped working on the building and, thus, was operating under a valid permit, which should have prevented the determination that he had violated the building code.
But the building inspector that testified at the hearing specifically stated that the permit had expired due to lack of progress.[4] In light of the inspector's testimony, and because there is no evidence that Schuster renewed his permit in accordance with the requirements of the building code, we cannot accept Schuster's argument that his actions were justified by the permit. Again, we conclude that the agency's decision was supported by substantial, reliable, and probative evidence. The second assignment is overruled.
In the third assignment, Schuster alleges that his due-process rights were violated. He claims that he was not given proper notice that his permit had expired and that the condemnation order had been issued. He explains that, in 1996, he began to live in the building at issue. According to him, correspondence from the city was not sent to this address, and he did not receive the correspondence. Also, he claims that he never saw the condemnation order, which the city had posted on the building.
Regarding the expiration of the permit, the building inspector testified at the hearing that Schuster was notified by letter that the permit had expired. But, otherwise, the record is vague as to exactly what happened. At the hearing, the issue of notice about the expiration of the permit was not specifically addressed. Rather, the evidence at the hearing primarily focused on whether the building was unsafe and whether Schuster had made repairs in a timely manner. Under our limited review, we cannot conclude that Schuster's due-process rights were violated.
Regarding notice of the condemnation order, the record is also vague, and Schuster mentions facts on appeal that were not mentioned at the administrative hearing. Again, under our limited review, we cannot conclude that Schuster's due-process rights were violated. We note that, regarding the administrative hearing itself, it is clear that Schuster was given due process. In addition to a pre-prosecution hearing (which Schuster did not attend), Schuster received a notice of civil offense for the building, which outlined the charges against him.[5] At the administrative hearing, he had the opportunity to present evidence and arguments on his behalf. And he utilized the administrative-appeal process. Under these circumstances, we overrule the third assignment.
In the fourth assignment, Schuster makes arguments similar to those in the third assignment and then claims that the city violated Civ.R. 4.4, Service by Publication. But this case involved an administrative hearing, to which the civil rules of procedure do not apply.[6] We overrule the fourth assignment.
In the fifth assignment, Schuster asserts that the transcript of his administrative hearing does not contain a report of all evidence admitted or proffered by him.[7] But Schuster merely makes the assertion without any further explanation. Based on our review of the record, we do not find the transcript to be deficient. We overrule the fifth assignment.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
[1] See Cincinnati Building Code 1101-63.1.
[2] Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111, 407 N.E.2d 1265, 1267.
[3] See Mad River Sportsman's Club, Inc. v. Jefferson Twp. Bd.of Zoning Appeals (1993), 92 Ohio App.3d 273, 277,634 N.E.2d 1046, 1049.
[4] See Cincinnati Building Code 1101-29.5.3.
[5] See R.C. 119.07.
[6] See Civ.R. 1(A).
[7] See R.C. 2506.03(A)(1).