MARTINO, Appellee,

v.

CITY OF SIDNEY, Appellant.

[Cite as *Martino v. Sidney* (2000), 140 Ohio App.3d 340.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–2000–13.

Decided Nov. 29, 2000.

*Michael L. Smith,* Sidney Law Director, for appellant.

*Richard H. Wallace,* for appellee.

WALTERS, Judge.

This is an administrative appeal from a judgment of the Court of Common Pleas of Shelby County reversing the city of Sidney's ("appellant") decision to affirm a resolution requiring Joe Martino ("appellee") to install a sidewalk adjacent to his property and assessing to him the entire cost of the improvement. For the reasons that follow, we affirm the judgment of the trial court.

In 1986, the city of Sidney adopted Resolution 27–86, a sidewalk installation policy intended to affect various areas of the municipality over a fourteen-year period. Among other things, the policy requires the installation of sidewalks on both sides of the street in developed residential neighborhoods. However, the policy includes an appeal procedure, which permits residents to argue that their property should be exempted from the sidewalk installation for a variety of reasons. These reasons include unusual topography, lack of sidewalk continuity, insufficient right-of-way, light traffic, and hazardous areas.

In 1998, the city passed Resolution 58–98, which required two precincts within the city to construct or repair sidewalks in accordance with the previously implemented policy. Appellee's property was located within the subject precincts. Appellee timely appealed the administrative order. At a city council meeting held on September 27, 1999, appellee argued that the unique topography of his property, light traffic on the adjacent roadway, and the potential for a hazardous pedestrian condition should exempt his property from the sidewalk

policy. Appellee also presented an argument that the city should be precluded from assessing to him the estimated $5,200 cost of the project, since the sidewalk would not benefit his property in any way. In support of this argument, appellee presented the testimony of a licensed real estate agent who confirmed that the sidewalk would not benefit the property, and, in fact, may lower the value of appellee's home.

Despite this evidence, council members denied the appeal in a decision issued on October 12, 1999. In response to the adverse ruling, appellee perfected an appeal to the Shelby County Common Pleas Court pursuant to R.C. Chapter 2506. Appellee raised three separate arguments for the court's consideration: (1) the decision was not supported by the requisite amount of evidence; (2) the administrative body abused its discretion in denying the appeal; and (3) the assessment is a violation of Section 19, Article I of the Ohio Constitution because the cost of the project outweighs any benefit to his property.

In a judgment entry dated June 6, 2000, the trial court agreed that the assessment was unenforceable under a so-called "cost-benefit analysis." The court also sustained appellee's arguments that his property should have been exempted from the project in accordance with the policy appeals procedure because the land has a unique or unusual topography and because it is situated in a light traffic area. Additionally, although appellee never argued that an exemption regarding sidewalk obstructions applied, the trial court apparently found that city council should have considered it because the evidence showed that installation of the sidewalk would require the removal of a large tree and various shrubs. Thus, the trial court reversed the decision of Sidney City Council and entered judgment in favor of appellee.

The city of Sidney promptly appealed to this court, asserting the following as the first of two assignments of error:

"It is error for the trial court to nullify R.C. 729.01 without ruling it unconstitutional."

 As a threshold matter, we observe the standards of review applicable to this case. In administrative appeals filed pursuant to R.C. Chapter 2506, it is the task of the common pleas court to determine whether the administrative record contains a preponderance of substantial, reliable, and probative evidence to support the decision issued by the administrative body. *Mad River Sportsman's Club v. Jefferson Twp.* (1993), 92 Ohio App.3d 273, 277, 634 N.E.2d 1046, 1049; R.C. 2506.04. In so doing, the common pleas court is prohibited from substituting its own judgment for that of the administrative body. *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1116–1117. The function of the appellate court is then further

limited to the determination of whether the common pleas court correctly applied this standard of review. *Mad River Sportsman's Club*, 92 Ohio App.3d at 277, 634 N.E.2d at 1048–1049.

We now turn our attention to the allegations raised in appellant's first assignment of error. According to appellant, the trial court incorrectly interpreted R.C. 729.01 by imposing a requirement that the benefit to the landowner exceed the cost of the installation of a sidewalk before a municipal corporation can properly assess the cost of the improvement.

R.C. 727.01 states, in relevant part:

"Each municipal corporation shall have special power to levy and collect special assessments. The legislative authority of a municipal corporation may assess upon the abutting, adjacent, and contiguous, *or other specially benefited lots or lands* in the municipal corporation, any part of the cost connected with * * * constructing sidewalks * * *." (Emphasis added.)

R.C. 727.03 places a general limitation on all assessments levied under R.C. 727.01 "to the special benefits conferred upon the property assessed." R.C. 727.05 then places a further limitation on the power to levy a special assessment:

"The municipal corporation shall pay such part of the total cost of improvements for which special assessments are levied under sections 727.01 to 727.49, inclusive, of the Revised Code, as the legislative authority thereof deems just, which part shall not be less than one-fiftieth of the total cost of the improvement * * *."

Nevertheless, appellant maintains that these limitations do not apply to the construction of sidewalks. In support of this argument, appellant relies upon R.C. 729.01, which states:

"In addition to the power conferred upon municipal corporations under section 727.01 of the Revised Code to construct sidewalks, curbs or gutters and levy an assessment therefor, the legislative authority of a municipal corporation may require the construction or repair of sidewalks, curbs or gutters within the municipal corporation by the owners of lots or lands abutting thereon, and upon the failure of such owners to construct or repair such sidewalks, curbs, or gutters within the time prescribed in the resolution adopted * * *, may cause such sidewalks, curbs, or gutters to be constructed or repaired and assess the total cost thereof against the lots or lands abutting thereon, notwithstanding the provisions of sections 727.03 and 727.05 of the Revised Code."

Appellant specifically argues that the "notwithstanding" language contained in R.C. 729.01 allows a municipal corporation to assess the total cost of a sidewalk improvement without consideration of a "cost-benefit analysis." We disagree.

■ "A special assessment is lawful or constitutional only where founded upon special benefits accruing from the improvement for which the assessment is levied." *Laskey v. Hilty* (1951), 91 Ohio App. 136, 48 O.O. 272, 107 N.E.2d 899, paragraph three of the syllabus. In addition, R.C. 1.47 provides that a statute is presumed to have been enacted so that it complies with the state and federal Constitutions, and so that it furthers just and reasonable results.

Appellant's interpretation of the statute does not comply with Section 19, Article I of the Ohio Constitution, nor does it further the ends of justice. Under appellant's reading of the law, a municipal corporation has virtually unfettered authority to assess the total cost of a sidewalk improvement under almost any circumstance. We note that appellant has failed to provide any logical explanation that the legislature intended to set sidewalks, curbs, and gutters apart from all other special assessments in such a significant way. Indeed, in the brief submitted to this court, appellant merely states, "for whatever reason, the Ohio Legislature specifically exempted sidewalks, curbs, and gutters from the requirement that the benefit exceed the cost * * *."

■ We believe that the "notwithstanding" clause modifies only the latter portion of the statute, so as to allow a municipal corporation to forgo the assessment limitations contained in R.C. 727.03 and 727.05 as a penalty for a landowner's noncompliance with the time limitations prescribed in the resolution, *but only after* it has been determined that the assessment is lawful in the first place. This interpretation gives the statute full effect without creating an apparent conflict. Although the trial court interpreted the statutes differently, we agree with the ultimate legal conclusion that a municipal corporation is not permitted by law to ignore the cost-benefit analysis in these cases.

■ Since we have found that the cost-benefit analysis is applicable to sidewalk improvements, the question then becomes whether the trial court erred in concluding that appellee's property should not be assessed because the cost of construction outweighs any benefit to the land. It is well established that "legislative determinations for such improvements and the procedures for such assessments may be presumed to be valid until a showing is made to the contrary." *Wolfe v. Avon* (1984), 11 Ohio St.3d 81, 83, 11 OBR 324, 326–327, 463 N.E.2d 1251, 1253–1254; *Stewart v. Bay Village* (1990), 69 Ohio App.3d 817, 820, 591 N.E.2d 1305, 1307–1308. " 'In order to be entitled to an injunction against any part of an assessment for the cost of a public improvement against a lot, the owner thereof has the burden of proving that the lot was not enhanced in value as a result of the improvement in an amount equal to the amount of the assessment.' " *Wolfe,* 11 Ohio St.3d at 84, 11 OBR at 327, 463 N.E.2d at 1254, quoting *Schiff v. Columbus* (1967), 9 Ohio St.2d 31, 223 N.E.2d 54, at paragraph five of the syllabus. Thus, appellee had the burden of proof on this issue.

In order to satisfy this burden, appellee presented the testimony of Tom Middleton, a licensed real-estate appraiser and owner of Emerson Wagner Realty. At the September 27, 1999 hearing, Middleton explained to the members of city council that the sidewalk would "definitely" not enhance the value of appellee's property. In fact, Middleton stated that the property value would likely decrease for two primary reasons. First, since appellee's property has a small backyard that directly abuts a residential street, the sidewalk will be extremely close to appellee's house. Second, Middleton also explained that the construction of the sidewalk would necessarily involve the removal of several large shrubs that have grown along the perimeter of the backyard, thus, leaving appellee with practically no privacy from near-by pedestrians. Appellant presented no evidence on this issue.

In reviewing the evidence pursuant to the applicable standard of review, we find no error in the trial court's determination that the assessment is inappropriate because the cost of the sidewalk outweighs any benefit to appellee's property. Appellant's first assignment of error is overruled.

Appellant's second assignment of error sets forth the following:

"The trial court's decision that Martino's appeal was supported by a preponderance of substantial, reliable and probative evidence was contrary to law and against the manifest weight of the evidence."

According to appellant, the trial court erred in finding that the evidence supports the application of the particular sidewalk policy exemptions, *i.e.*, unusual topography, light traffic, and obstructions. In light of our previous discussion, affirming the trial court's conclusion that the assessment is unenforceable under a cost-benefit analysis, appellant's second assignment of error has been rendered moot.

Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.