OPINION
Defendant-Appellant, Board of Zoning Appeals for Harrison Township, Logan County, Ohio ("Board"), appeals a decision by the Logan County Common Pleas Court modifying and voiding certain conditions placed upon its grant of a conditional use permit to Plaintiffs-Appellees, Clifford and Joyce Baughman and Jonas, Margaret, Eli, and Anna Wagler (collectively "Appellees"), to maintain two sawmills on their property located in an agriculturally zoned district. Upon review of the record, we find no abuse of discretion in the trial court's decision.
Facts and procedural history pertinent to this appeal are as follows. Clifford and Joyce Baughman entered into a land sale agreement with Jonas, Margaret, Eli, and Anna Wagler for a ninety-four acre tract of farmland in Harrison Township, Logan County, Ohio. The farmland is secluded and located in an area zoned for agricultural use; however, certain conditional uses, including light manufacturing, are permissible upon issuance of a permit.
The Waglers are a large Amish family: Jonas is married to Margaret, and they have thirteen children. Their son, Eli, is married to Anna. Due to the size of their family, the Waglers need to supplement their income derived from farming; consequently, they sought a conditional use permit to operate two portable sawmills on the property for the production of wood pallets. Jonas will oversee one of the mills, while Eli oversees the other.
Because of their faith, however, the Waglers cannot initiate court action on their own behalf. Accordingly, as part of their land sale contract, the Baughmans agreed to assist the Waglers in attaining a conditional use permit to operate the two sawmills on the property. Once the permit is granted, the Baughmans will transfer title to the property to the Waglers.
On November 1, 2000, Appellees filed an application for a conditional use permit with the Board. Their stated purpose on the application was to "construct and operate a family-owned pallet shop" consisting of two portable sawmills. Each mill will be powered by an eighteen horsepower gasoline engine and will be "virtually undetectable" from adjoining properties. Moreover, the mills will be contained in separate buildings, are non-polluting, will not produce odors or fumes, and will only be operational during daylight hours. Raw lumber for the mills will be delivered on trucks, at most, twenty-six times per year, and finished products will be removed approximately twenty times per year. For delivery and removal, there are three alternative approaches: Township Road 33, Township Road 212, and an abandoned railroad easement currently owned by Dayton Power and Light ("DPL").
A hearing on the application was held on November 21, 2000, which was continued on December 13, 2000, after a public view of the property. In a subsequent resolution, the Board determined that the sawmills are consistent with light manufacturing and granted Appellees' permit subject to eleven conditions of use. Appellees appealed this determination to the Logan County Common Pleas Court, challenging seven of the conditions imposed as unreasonable, unconstitutional, contrary to the Board's zoning code, or not supported by reliable, probative, or substantive evidence. Pursuant to a November 21, 2001 judgment entry, the trial court either amended or voided the seven challenged conditions. From this determination, the Board appeals, asserting a single assignment of error for our review.
 Assignment of Error I
"The trial court erred in voiding or amending the conditions placed upon the conditional use permit issued by the Harrison Township Board of Zoning Appeals."
 Standard of Review
As a threshold matter, we observe the standards of review applicable to this case. In administrative appeals filed pursuant to R.C. Chapter 2506, a common pleas court is bound by the mandates of R.C. 2506.04: "[t]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *. The judgment of the court may be appealed by any party on questions of law * * *."
Accordingly, the standard of review applied by the common pleas court is whether there is a preponderance of substantial, reliable, and probative evidence in the record to support the decision of the administrative entity.[1] In so doing, the common pleas court is prohibited from substituting its own judgment for that of the administrative body[2] and must give due deference to the administrative agency's resolution of evidentiary conflicts.[3] The function of the appellate court is then further limited to the determination of whether the common pleas court correctly applied this standard of review.[4] A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of substantial, reliable, and probative evidence.[5] This is tantamount to an abuse of discretion standard; therefore, an appellate court can only reverse the trial court's determination upon finding that the decision is unreasonable, arbitrary, or unconscionable.[6]
Employing the standard of review outlined above, we will now address each of the Board's arguments with respect to the trial court's decision concerning conditions one, two, four, seven, nine, ten, and eleven of the conditional use permit. For purposes of clarity and brevity, conditions one and seven will be discussed together.
 Condition 1 7 — Enclosed Structures
The Board's first condition of use for Appellees' property states that "[a]ll products, by products and raw materials must be within enclosed structures and out of public view." The trial court found that this condition is unreasonable in light of the evidence adduced before the Board. Based upon the following, we agree.
In order for Appellees to be granted a conditional use permit in an agricultural district, their sawmill must fall within the applicable zoning resolution's definition of light manufacturing: "[m]anufacturing or other industrial uses which are usually controlled operations; * * * operating and storing within enclosed structures[.]" While this definition indicates that storage usually will be maintained within enclosed structures, it is ambiguous as to whether storage includes all raw materials, products, and by-products. Because "[r]estrictions on the use of real property by ordinance, resolution, or statute must be strictly construed and restrictions cannot be extended to include limitations not clearly prescribed",[7] we find, as did the trial court, that the definition of light manufacturing only clearly mandates that Appellees maintain the manufacturing process within enclosed structures, i.e., the sawing of logs and construction of pallets.
Moreover, a contrary finding would contravene the preponderance of the evidence elicited at the hearing before the Board. Testimony therein indicates that the locations of Appellees' proposed sawmills are secluded and virtually undetectable from any roads. Furthermore, while adjoining landowners complained about possible noise pollution, the evidence reveals that the sawmills will use portable, eighteen horsepower engines that are typically used for lawnmowers and that are fairly quiet, the saws will be used in enclosed structures, and the nearest neighbor is one quarter of a mile away. Accordingly, we cannot find that the trial court's determination is unsupported by a preponderance of the evidence with respect to the Board's first condition.
The Board further argues that the trial court, while upholding condition seven, did not apply the requirements of the condition correctly. Condition seven states that "[t]he operation of business shall be limited to the proposed use as described in the application and conducted in such fashion as to be consistent with the definition of light manufacturing." The Board maintains that the definition of light manufacturing includes a compulsory requirement that all products, by-products, and raw materials be kept in enclosed structures. However, based upon our discussion above, the trial court did not err in finding no such requirement.
 Condition 2 — Right to Transfer
The Board further contends that the trial court erred in voiding its condition that the property "shall be owned by Jonas, Margaret, Eli and Anna Wagler. Any split or transfer of said property will nullify this Conditional Use Permit." The trial court held that the condition was unreasonable, arbitrary, and confiscatory in nature.
The authority of townships to enact zoning ordinances is neither inherent nor derived from constitutional provision;[8] instead, the Ohio Legislature, pursuant to R.C. Chapter 519, grants townships the authority, as a police power, to adopt and enforce zoning regulations.[9]
As such, "[t]he zoning authority possessed by townships in the State of Ohio is limited to that which is specifically conferred by the General Assembly."[10] The legislature promulgates that the purpose of zoning is to limit the use of land in the interest of the public welfare by enabling townships to regulate its use for the "purpose of promoting public health, safety, and morals."[11]
The condition imposed by the Board herein acts to cancel the permit, not on a basis related to land use, but on the basis of land transfer. Accordingly, the condition imposed essentially attempts to grant Jonas, Margaret, Eli, and Anna Wagler a personal license to operate sawmills on the property as long as each of them remain owners of the property.[12]
However, "zoning conditions and restrictions are designed to regulate the land itself and its use and not the person who owns or operates the premises by whom such use is to be exercised."[13] The condition as to ownership does not come within the authority of the Board, as mandated by the General Assembly, because it does not relate in a proper sense to the use of property and the zoning thereof but, instead, to the persons owning the land.[14] Accordingly, we find no abuse of discretion in the trial court's invalidation of the Board's second condition.
 Condition 4 — Inspections
The fourth condition imposed by the Board determined that the "Township Zoning Inspector shall be permitted on the premises for inspection during hours of operation of the business as frequently as necessary to ensure conformity with the conditions set herein." While the trial court conceded that, in order for the Board to protect its constituency, inspections would be necessary to ensure compliance with the conditions imposed, it further held that Appellees had not surrendered theirFourth Amendment rights to privacy and that either their consent or a search warrant would be required for inspections.
The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures; the reasonableness of which depends on the totality of the circumstances in each case.[15] "Administrative searches are `significant intrusions upon the interests protected by theFourth Amendment,' and generally require that a government official possess `a suitably restricted search warrant.'"[16] This warrant requirement applies to both commercial premises and homes.[17]
Herein, the Board's condition requires Appellees to consent in advance to searches of their premises by the zoning inspector. Because such unlimited access to Appellees' property could easily be used to harass and obstruct the lawful operation of business,[18] the Board cannot require a permit applicant to consent in advance to an unlimited number of warrantless searches as a condition to engage in an otherwise lawful enterprise.[19] For these reasons, we affirm the trial court's decision with respect to the fourth condition.
 Condition 9 — Driveway Approaches
In it's ninth condition, the Board mandated that Appellees "shall cause to be constructed and shall be responsible for the cost of construction of driveway approaches on Township Road 33 and Township Road 212 and the road widening on Township Road 212 pursuant to and consistent with the recommendations of the Logan County Engineer * * * before commencement of business." The trial court found this requirement to be arbitrary because a third option for ingress and egress was sufficient based upon the evidence in this case.
The evidence herein reveals that there are three possible choices for ingress to and egress from Appellees' property for the delivery of raw materials and export of finished products. One alternative consists of an easement granted to Appellees by DPL for use as a right-of-way that would be automatically renewed on a "year to year basis until terminated by either party by giving a thirty-day written notice of termination." Based upon the thirty-day termination provision, the Board determined that the easement could not be considered as a means of ingress and egress and found that the recommendations of the Logan County Engineer with respect to Township Roads 33 and 212 would control.
The Logan County Engineer, however, while explaining the necessary alterations needed for ingress and egress on Township Roads 33 and 212, also stated that the abandoned railroad right-of-way was a sufficient means of ingress and egress. The fire chief for the City of Bellefontaine, Ohio, who would be called if a fire should occur on the property, also stated in a sworn affidavit that the railroad easement would accommodate all emergency vehicles, which, notably, would likely be a comparable size to many of the trucks delivering and removing materials from the property. In addition, Appellees prospectively plan to purchase the easement. Accordingly, the trial court found that the Board's decision was arbitrary because having less than fee simple ownership should not preclude the use of a valid easement, and the court held that if the "eventuality happens that the easement is canceled, then the landowners will have to comply with the Engineer's specification[s]" with respect to Township Roads 33 and 212. Based upon the evidence before this court, we are unable to determine that the trial court misapplied the requisite standard of review as a matter of law.
 Condition 10 — Screening
The board further conditioned Appellees' permit by requiring that if the business subject thereto is or becomes "open to view of any neighboring residence, applicants shall construct an appropriate fence or provide effective screening by flora or fauna or conifer trees which will obstruct or obscure said view." Based upon the record, the trial court determined that this condition was unreasonable and arbitrary.
The evidence presented in this case reveals that Appellees' property is secluded and undetectable from the surrounding roadways. Moreover, photographs submitted by Appellees, which were not refuted, seemingly indicate that much of the property is lined with trees. Evidence provided to the Board reveals that the Waglers became interested in purchasing the property primarily because it is isolated from surrounding properties, which would allow them to conduct business without disturbing others: as mentioned previously, the property is one quarter mile away from the nearest neighbor.
When a zoning ordinance is enforced in an unreasonable and arbitrary manner, as in this case, the trial court's responsibility entails reversing the findings of zoning boards.[20] Accordingly, based upon the foregoing evidence, we find no abuse of discretion in the trial court's decision on this matter.
 Condition 11 — Off-Street Parking
Pursuant to the Board's final condition, Appellees were required to comply with "off-street parking and loading requirements" contained in the zoning code. The parking requirements provide that a parking space is necessary for every two employees. The trial court found that, based upon the evidence, this condition was unreasonable.
As indicated above, when a zoning ordinance is enforced in an arbitrary or unreasonable manner, the trial court's responsibility is to reverse the zoning board's decision.[21] Herein, the evidence discloses that the Wagler's business will be a family owned operation solely run by Eli and Jonas with no hired employees. Moreover, because the Waglers are Amish, they only travel by horse and buggy, thus the typical parking spaces needed for similar businesses are not relative to them. In addition, the Board concedes that "there is obviously sufficient space for * * * parking spaces if there is sufficient room to bring in loads of logs." Founded upon the foregoing, we find no abuse of discretion in the trial court's finding.
For the aforementioned reasons, the Board's sole assignment of error is overruled.
Having found no error prejudicial to Appellants herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
SHAW, P.J., and BRYANT, J., concur.
[1] Kisil v. Sandusky (1984), 12 Ohio St.3d 30, 34; Jackson v. PleasantTwp. Bd. of Zoning Appeals (Nov. 15, 2000), Logan App. No. 8-2000-18, 2000-Ohio-1917.
[2] Martino v. Sidney (2000), 140 Ohio App.3d 340, 342,2000-Ohio-1806, citing Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 207.
[3] Jackson, supra, citing Lawson v. Foster (1992), 76 Ohio App.3d 784,788.
[4] Martino, 140 Ohio App.3d at 342-43.
[5] Kisil, 12 Ohio St.3d at 34.
[6] Trent v. German Twp. Bd. of Zoning Appeals (2001), 144 Ohio App.3d 7,21.
[7] Saunders v. Clark Cty. Zoning Dept. (1981), 66 Ohio St.2d 259,261, citing Davis v. Miller (1955), 163 Ohio St. 91, 95 (Taft, J., concurring); J.D. Partnership v. Berlin Twp. Bd. of Trustees (May 22, 2002), Deleware App. No. 99CVF-07-274, 2002-Ohio-2539.
[8] State v. Crawford (May 31, 2002), Allen App. Nos. 1-01-150, 1-01-151, 1-01-152, 2002-Ohio-2709.
[9] Yorkavitz v. Columbia Twp. Bd. of Trustees (1957), 166 Ohio St. 349, paragraph one of the syllabus.
[10] Bd. of Bainbridge Twp. Trustees v. Funtime, Inc. (1990),55 Ohio St.3d 106, paragraph one of the syllabus. See, also, Dsuban v.Union Twp. Bd. of Zoning Appeals (2000), 140 Ohio App.3d 602, 608.
[11] R.C. 519.02; Smith v. Juillerat (1954), 161 Ohio St. 424, paragraph two of the syllabus.
[12] Compare Woodle v. City of East Cleveland (Aug. 14, 1986), Cuyahoga App. No. 51062, with State ex rel. Parker v. Konopka (1963),119 Ohio App. 513, 515.
[13] Fox v. Shriver-Allison Co. (1971), 28 Ohio App.2d 175, 181, citingVlahos Realty Co. v. Little Boar's Head Dist. (1958), 101 N.H. 460.
[14] Cf. Konopka, 119 Ohio App. at 515. See, also, Anza Parking Corp.v. City of Burlingame (1987), 195 Cal.App.3d 855, 858-61.
[15] State v. Bobo (1988), 37 Ohio St.3d 177, 178.
[16] Huber Hts. v. Liakos (2001), 145 Ohio App.3d 35, 48,2001-Ohio-1532, 2001-Ohio-1541, quoting J.L Spoons, Inc. v. Brunswick
(N.D.Ohio. 1999), 49 F. Supp.2d 1032, 1040, quoting Camara v. Mun. Courtof the City Cty. of San Francisco (1967), 387 U.S. 523, 534.
[17] Marshall v. Barlow's, Inc. (1978), 436 U.S. 307, 312.
[18] Huber Hts., 145 Ohio App.3d at 49.
[19] Cf. Id.
[20] Tri-County Concrete Co. v. City of North Royalton PlanningComm. (June 11, 1998), Lake App. No. 320976.
[21] Id.